24069

LITCHFIELD PLANTATION COMPANY, INC., Appellant v. GEORGE-
TOWN COUNTY WATER AND SEWER DISTRICT, Respondent.

(443 S.E. (2d) 574)

Supreme Court

*Preston B. Haines, III, Harding & Parsons, Pawleys Is-
land, Howell V. Bellamy, Jr., Kathryn M. Cook* and *David B.
Miller, Bellamy, Rutenberg, Copeland, Epps, Gravely & Bow-
ers, P.A.,* Myrtle Beach, *for appellant.*

*William W. Doar, Jr., McNair Law Firm,* and *Sylan L.
Rosen, Rosen & Rosen,* Georgetown, *for respondent.*

Heard Feb. 3, 1994.

Decided May 9, 1994, Reh. Den. June 7, 1994.

MOORE, Justice:

This is an appeal from the special referee's order enjoining respondent from violating the Freedom of Information Act (FOIA). We affirm.

## FACTS

Appellant Litchfield Plantation Company (Litchfield) entered an agreement in 1980 with respondent Georgetown County Water and Sewer District (District) which transferred water and sewer easements to District. District attempted to install a sewer line in 1989 but Litchfield objected. In October 1989 District brought a declaratory judgment action and also sought an injunction.

On November 22, Litchfield sent the first of five extensive requests to District under the FOIA, S.C. Code Ann. §§ 30-4-10 et seq. (1991). On December 18, District responded to Litchfield's first request stating Litchfield could copy and inspect the records after January 4, 1990.

After further communication and delays regarding the availability of the records, Litchfield brought an action seeking to enjoin District from violating the FOIA and requesting attorneys' fees. The special referee found District had violated the FOIA and ordered District to comply with the requests as long as the requested information was not exempt. The special referee declined to award attorneys' fees stating there was no evidence in the record to support such an award. Litchfield moved to re-open the evidence to place into the record evidence regarding attorneys' fees. The special referee denied the motion stating the evidence would be unnecessary as he would not award attorneys' fees.

## ISSUE

1) Did the Special Referee err in finding District had not waived the exemptions under S.C. Code Ann. § 30-4-40 (1991)?

2) Did the Special Referee err in not awarding Litchfield attorneys' fees?

## DISCUSSION

1) Waiver of Exemptions

■ Section 30-4-30(a) provides: "[a]ny person has a right to inspect or copy any public record of a public body, *except as otherwise provided by § 30-4-40*, in accordance with reasonable rules concerning time and place of access." Section 30-4-40 lists several matters which "are exempt from disclosure under the provisions of this chapter." Subsection 30-4-30(c) provides, in pertinent part:

[e]ach public body, upon written request for records made under this chapter, shall within fifteen days (excepting Saturdays, Sundays, and legal public holidays) of the receipt of any such request notify the person making such request of its determination and the reasons therefor. . . . If written notification of the determination of the public body as to the availability of the requested public record is neither mailed nor personally delivered to the person requesting the document within the fifteen days allowed herein, the request must be considered approved.

The special referee found the exemptions in § 30-4-40 absolute despite District's failure to timely respond. Litchfield argues because District failed to reply within fifteen days, the request is considered approved and the exemptions waived. We disagree. We hold under § 30-4-30(c) failure to respond within fifteen days means the disclosure of non-exempt material at the time and place of access which the party requested is deemed approved.

■ Under § 30-4-40 the matters listed *"are exempt* from disclosure under the provisions of" the FOIA. (Emphasis added.) We decline to hold these exemptions can be waived by the public body's failure to respond within fifteen days. The special referee correctly held these exemptions could not be waived.[1]

---

[1] The dissent states interpreting the FOIA in this manner encourages governmental agencies to "drag out" a request beyond the fifteen-day period without penalty. However, under S.C. Code Ann. § 30-4-100 (1991), a court may order appropriate equitable relief and the agency may be assessed attorney fees and costs. In addition, to hold an agency can waive these exemptions by failing to respond within fifteen days, would allow, for example, the disclosure of investigative records of law enforcement agencies and personal infor-

2) Attorneys' fees

S.C. Code Ann. § 30-4-100(b) (1991) provides:

> If a person or entity seeking such relief prevails, he or it *may* be awarded reasonable attorney fees and other costs of litigation. If such person or entity prevails in part, the court *may* in its discretion award him or it reasonable attorney fees or an appropriate portion thereof.

(Emphasis added.) The special referee found Litchfield had not presented evidence on the issue of attorneys' fees. The special referee denied Litchfield's motion to re-open the evidence stating he did not think attorneys' fees should be awarded. Litchfield contends since the special referee found District had not complied with the FOIA, it prevailed and should have been awarded attorneys' fees. As § 30-4-100(b) provides attorneys' fees *may* be awarded, the special referee has the discretion to award fees. We find the special referee did not abuse his discretion.

Affirmed.

CHANDLER, Acting C.J., FINNEY, J., and WALTER J. BRISTOW, JR., Acting Associate Justice, concur.

TOAL, J., concurring in part, dissenting in part in separate opinion.

TOAL, Justice:

While I concur with the majority on the issue of attorney fees, I must respectfully dissent from the majority's narrow interpretation of the Freedom of Information Act.

I agree with Litchfield that the District's failure to respond within the mandated 15-day period waives the statutory exemptions. The majority opinion summarily deals with this novel issue by contorting the plain language of the statute to limit the automatic approval of a request to time and place of access.

Section 30-4-30(a) uses the phrase "except as otherwise provided by § 30-4-40" to describe the normal implementation of

mation such as gross sales receipts of businesses through no fault of an interested party which the exemptions were enacted to protect. S.C. Code Ann. § 30-4-40(a)(2) and (3) (1991). Furthermore, this interpretation would render § 30-4-40, which states these matters "are exempt from disclosure" a nullity.

the statute. Therefore, under the plain meaning of the statute, if an agency responds within 15 days, then the § 30-4-40 exemptions apply. Section 30-4-30(c) provides that a request which is not addressed within the 15-day period is "considered approved." Nowhere in this latter section does it provide that the § 30-4-40 exemptions are still applicable. To read this into the statue flies in the face of our normal rules of statutory construction, and wreaks havoc with the underlying policy which gave rise to the Freedom of Information Act. *See First Baptist Church of Mauldin v. City of Mauldin,* — S.C. —, 417 S.E. (2d) 592 (1992); *State v. Blackmon,* 304 S.C. 270, 403 S.E. (2d) 660 (1991); S.C. Code Ann. § 30-4-15 (1991).

A governmental agency should not be allowed to stonewall an FOIA request without some penalty for its actions. Limiting such a penalty to time and place of access encourages a governmental agency to "drag out" a request beyond the 15-day period and still take advantage of the full exemptions. Allowing this to occur only gives the agency another avenue to avoid public accountability. This cannot be the intent of the General Assembly, and it is certainly not an inference which can be drawn from the plain meaning of the statute.

The public policy reasoning for allowing an exemption to be waived by an agency's inaction is supported by the findings and purpose of the Freedom of Information Act codified at § 30-4-15 (1991). Section 30-4-15 provides:

> [t]he General Assembly finds that it is vital in a democratic society that public business be performed in an open and public manner so that citizens shall be advised of the performance of public officials and of the decisions that are reached in public activity and in the formulation of public policy. Toward this end, provisions of this chapter must be construed so as to make it possible for citizens, or their representatives, to learn and report fully the activities of their public officials at a minimum cost or delay to the persons seeking access to public documents or meetings.

I believe that the General Assembly clearly stated its intent to provide maximum access to the public, and thus, finding a waiver of the exemptions based on an agency's procrastination is wholly consistent with this policy. Accordingly, I would reverse the trial court on this issue.