711 S.E.2d 895

**Edward D. SLOAN, Jr., individually and as a citizen, resident, taxpayer and registered elector of the State of South Carolina, and on behalf of all others similarly situated, Respondent,**

v.

**FRIENDS OF the HUNLEY, INC., and
Warren F. Lasch, its Chairman,**

**Of Whom Friends of the Hunley, Inc., is, Appellant.**

No. 26986.

Supreme Court of South Carolina.

Heard April 6, 2011.

Decided June 13, 2011.

154

Thornwell F. Sowell, Roland M. Franklin, Jr., and Bess J. DuRant, all of Sowell Gray Stepp & Laffitte, of Columbia, for Appellant.

James G. Carpenter, Jennifer J. Miller, and L. Warren Clayton, III, all of Carpenter Law Firm, of Greenville, for Respondent.

Justice KITTREDGE.

This is an appeal from an award of attorney's fees pursuant to the Freedom of Information Act. We conclude that Respondent Edward D. Sloan, Jr., was a "prevailing party" and the trial court properly awarded Sloan attorney's fees. However, in view of the law of this case in *Sloan v. Friends of the Hunley, Inc. (Sloan I)*, 369 S.C. 20, 630 S.E.2d 474 (2006), we find the trial court erred in awarding fees beyond the time that Appellant Friends of the Hunley, Inc., provided the requested information to Sloan. We affirm in part and reverse in part.

## I.

Friends of the Hunley, Inc., (Friends) is a non-profit corporation dedicated to the recovery and conservation of the *H.L. Hunley* Confederate submarine. Sloan is a citizen of Greenville County, South Carolina. In June 2001, Sloan submitted a Freedom of Information Act (FOIA) request to Friends seek-

ing a list of documents[1] pertaining to Friends' corporate structure and legal relationship with the Hunley Commission, a state agency. S.C.Code Ann. §§ 30–4–10 to –165 (2007 & Supp.2010) (FOIA). Friends denied that it was subject to FOIA and declined to produce the documents for Sloan.

Sloan filed a complaint on July 18, 2001, seeking production of the documents based on Friends' status either as a public body under FOIA or as an alter ego of the Hunley Commission. On August 16, 2001, approximately one month later, Friends fully complied with Sloan's document request, but stated that it was not tendering the documents "due to any concession that [Friends] is subject to the Freedom of Information Act," but "in the spirit of cooperation." Following a series of cross-motions, the trial court granted Friends' motion for summary judgment, finding Sloan lacked standing to maintain the action and that no justiciable controversy existed since Friends had produced the very documents sought in the complaint.

Sloan appealed that order, which was heard by this Court. Prior to oral argument, Friends conceded it was a public body for purposes of this action. In *Sloan I*, we affirmed the trial court's grant of summary judgment on the basis that the action was moot and non-justiciable in light of Friends' production of the documents.[2] 369 S.C. at 25–28, 630 S.E.2d at 477–478.

Following our decision, Sloan moved in the trial court for an award of attorney's fees under FOIA. In 2009, the trial court granted Sloan's motion and awarded attorney's fees to include those incurred from the beginning of the litigation up to the granting of the motion. Friends appealed, which we certified pursuant to Rule 204, SCACR.

## II.

 Friends challenges the FOIA-based attorney's fee award to Sloan. Specifically, Friends argues Sloan was not a

---

1. Sloan sought Friends' bylaws, minutes from board meetings, tax information, financial statements, retail sales information, and a list of Friends-owned real estate.

2. We further found that the trial court erred in denying Sloan standing to bring the action, but that finding has no bearing on this appeal. 369 S.C. at 28–29, 630 S.E.2d at 479. 39

prevailing party and, in any event, was not entitled to relief beyond the date the requested documents were produced.

"The decision to award or deny attorneys' fees under a state statute will not be disturbed on appeal absent an abuse of discretion." *Kiriakides v. Sch. Dist. of Greenville County*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009) (citing *Layman v. State*, 376 S.C. 434, 444, 658 S.E.2d 320, 325 (2008)). "An abuse of discretion occurs when the conclusions of the trial court are either controlled by an error of law or are based on unsupported factual conclusions." *Id.*, 675 S.E.2d at 445 (quoting *Layman*, 376 S.C. at 444, 658 S.E.2d at 325). The issue before the Court presents a series of legal questions in terms of determining (1) whether Sloan may be considered a prevailing party under the FOIA statute; (2) if Sloan is a prevailing party, whether his entitlement to fees may extend beyond the production of the requested documents; and (3) whether the law of the case from *Sloan I* affects the time period for the attorney fee award.

Section 30–4–100(b) of our FOIA statute provides for an award of attorney's fees in a FOIA dispute:

If a person or entity seeking such [declaratory or injunctive] relief prevails, he or it may be awarded reasonable attorney fees and other costs of litigation. If such person or entity prevails in part, the court may in its discretion award him or it reasonable attorney fees or an appropriate portion thereof.

The initial question turns on whether Sloan was a prevailing party under the statute. While the statute does not define prevailing party, this Court has previously stated that a prevailing party is "one who successfully prosecutes an action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention [and] is the one in whose favor the decision or verdict is rendered and judgment entered." *Heath v. County of Aiken*, 302 S.C. 178, 182–83, 394 S.E.2d 709, 711 (1990) (alteration in original) (quoting *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964)).

Friends argues that Sloan was not a prevailing party under this definition "because Sloan did not receive any of the relief he requested in his complaint. . . ." We reject Friends' position

and agree with the trial court that Sloan was a prevailing party for purposes of the FOIA attorney's fees provision. We find persuasive the decision of the Montana Supreme Court in *Havre Daily News, LLC v. City of Havre,* 333 Mont. 331, 142 P.3d 864 (2006). The *Havre* court addressed whether the post-complaint voluntary production of disputed documents precludes prevailing party status to a plaintiff:

> Although Havre correctly observes that the Newspaper did not technically "prevail" in its action in the District Court, the court granted summary judgment in favor of Havre precisely because Havre mooted the case by providing the Newspaper with unredacted copies of the Reports. Absent Havre's conduct, the case would not have become moot. **In mooting the case, Havre provided the Newspaper with the very relief it sought to procure through litigation; thus, the Newspaper has prevailed in substance, albeit without court intervention.** Given these circumstances, we will consider the Newspaper to be the prevailing party with respect to its request for unredacted copies of the Reports. Otherwise, a similarly situated party could, after extensive litigation, at the eleventh hour, and facing imminent defeat, simply moot a case in order to dodge this fee-shifting statute.

*Id.* at 878 (emphasis added). Similarly, under the facts of this case, we find that Sloan is the prevailing party under section 30–4–100(b). When a public body frustrates a citizen's FOIA request to the extent that the citizen must seek relief in the courts and incur litigation costs, the public body should not be able to preclude prevailing party status to the citizen by producing the documents after litigation is filed. *See Litchfield Plantation Co. v. Georgetown County Water & Sewer Dist.,* 314 S.C. 30, 34, 443 S.E.2d 574, 576 (1994) (Toal, J., concurring in part, dissenting in part) ("A governmental agency should not be allowed to stonewall an FOIA request without some penalty for its actions."); *see also Wildlands CPR v. U.S. Forest Serv.,* 558 F.Supp.2d 1096, 1098 (D.Mont. 2008) (finding that if a complainant receives relief "via ... unilateral change in position by the agency," he is entitled to fees under the federal FOIA statute); *Spokane Research & Def. Fund v. City of Spokane,* 155 Wash.2d 89, 117 P.3d 1117, 1125 (2005) (en banc) ("[P]ermitting an agency to avoid attor-

ney fees by disclosing the documents after the plaintiff has been forced to file a lawsuit ... would undercut the policy behind the act." (alteration in original) (quoting *Coal. on Gov't Spying v. King County Dep't of Pub. Safety,* 59 Wash.App. 856, 801 P.2d 1009, 1013 (1990))).

We believe this approach is in harmony with legislative intent, as expressed in the preamble to our FOIA statute:

> The General Assembly finds that it is vital in a democratic society that public business be performed in an open and public manner so that citizens shall be advised of the performance of public officials and of the decisions that are reached in public activity and in the formulation of public policy. Toward this end, provisions of this chapter must be construed so as to make it possible for citizens, or their representatives, to learn and report fully the activities of their public officials **at a minimum cost or delay** to the persons seeking access to public documents or meetings.

S.C.Code Ann. § 30–4–15 (emphasis added). Honoring legislative intent as expressed in FOIA by awarding attorney's fees in these circumstances may serve as an impetus for public bodies to comply with a FOIA request and thus avoid the imposition of an attorney's fee award. *See Soc'y of Prof'l Journalists v. Sexton,* 283 S.C. 563, 324 S.E.2d 313 (1984) (finding attorney's fees may be awarded to encourage agencies to comply with FOIA requests).

Here, Sloan's complaint prompted Friends to do what a series of FOIA letter-requests could not accomplish—produce the requested documents. Accordingly, Sloan prevailed and is entitled to an award of attorney's fees. However, we are constrained to reverse the award of fees beyond the time Friends produced the requested documents. In *Sloan I,* we affirmed the trial court's grant of summary judgment because the production of the requested documents rendered the complaint moot and non-justiciable. 369 S.C. at 26, 630 S.E.2d at 477 ("[O]nce the requested documents are produced, a justiciable controversy no longer exists."). These declarations of mootness and non-justiciability are the law of this case. The parties and this Court are bound by *Sloan I,* which clearly limits the time period for which Sloan would be entitled to an award of attorney's fees. Rather than delay the matter

further by remand, we have reviewed the appropriate billing records and modify Sloan's award to $6,467.50.[3]

We affirm the trial court's finding that Sloan is a prevailing party under FOIA and is thus entitled to an award of his attorney's fees. We reverse the award of fees beyond the time Friends produced the requested documents and modify Sloan's attorney's fees award to $6,467.50.

**AFFIRMED IN PART, REVERSED IN PART.**

TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.

---

3. Prior to oral argument, we requested the billing records and the attorney's affidavit from Sloan's counsel. Friends does not challenge the reasonableness of Sloan's attorney's fees. That concession allows this Court to end the matter.