**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

### THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The South Carolina Public Interest Foundation, and
Edward D. Sloan, Jr., and Robert M. Lloyd, individually
and as a taxpayers of the City of Greenville, South
Carolina, and on behalf of all others similarly situated,
Appellants/Respondents,

v.

City of Greenville, Mayor Knox H. White, and The Cliffs
at Glassy, Inc., Defendants,

Of Whom City of Greenville and Mayor Knox H. White
are the Respondents/Appellants.

Appellate Case No. 2012-212137

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2014-UP-218
Heard April 16, 2014 – Filed June 11, 2014

**AFFIRMED**

James G. Carpenter and Jennifer J. Miller, both of the
Carpenter Law Firm, PC, of Greenville, for
Appellants/Respondents.

Kathleen Kempe, of the City Attorney's Office, of Greenville, for Respondents/Appellants.

---

**PER CURIAM:** In this civil appeal arising from a boundary dispute, the South Carolina Public Interest Foundation, Edward D. Sloan Jr., and Robert M. Floyd, individually and as taxpayers of the City of Greenville, South Carolina, and on behalf of others similarly situated (collectively Appellants), argue the trial court erred in awarding only part of their requested attorney's fees. The City of Greenville and Mayor Knox (collectively, Respondents) cross-appeal and argue the trial court erred in awarding Appellants any attorney's fees.

We affirm the trial court on the appeal and cross-appeal pursuant to Rule 220(b), SCACR, and the following authorities: *Sloan v. Friends of the Hunley Inc.*, 393 S.C. 152, 156, 711 S.E.2d 895, 897 (2011) ("'The decision to award or deny attorney['s] fees under a state statute will not be disturbed on appeal absent an abuse of discretion.'" (quoting *Kiriakides v. Sch. Dist. of Greenville Cnty.*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009))); S.C. Code Ann. § 15-77-300 (Supp. 2013) ("In any civil action brought by the State, any political subdivision of the State or any party who is contesting state action, unless the prevailing party is the State or any political subdivision of the State, the court may allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if: (1) the court finds that the agency acted without substantial justification in pressing its claim against the party; and (2) the court finds that there are no special circumstances that would make the award of attorney's fees unjust."); *Sloan*, 393 S.C. at 156-58, 711 S.E.2d at 897-98 (finding that under the FOIA statute, the plaintiff was a prevailing party despite a ruling that the underlying action was moot because "[h]onoring legislative intent as expressed in FOIA by awarding attorney's fees in these circumstances may serve as an impetus for public bodies to comply with a FOIA request and thus avoid the imposition of an attorney's fee award")[1]; *Layman v. State*, 376 S.C. 434, 445, 658 S.E.2d 320, 326

---

[1] Appellants did not raise the issue of whether it was appropriate to extend the definition of a prevailing party given in *Sloan v. Friends of the Hunley Inc.*, 393 S.C. 152, 156, 711 S.E.2d 895, 897 (2011), beyond a fact scenario involving the FOIA attorney's fee statute. *See In the Interest of Bruce O.*, 311 S.C. 514, 515 n.1, 429 S.E.2d 858, 858 n.1 (Ct. App. 1993) ("[A]n appellant may not use oral argument as a vehicle to argue issues not argued in the appellant's brief."). Thus, it

(2008) ("[I]n deciding whether a state agency acted with substantial justification, the relevant question is whether the agency's position in litigating the case had a reasonable basis in law and in fact."); *see also Heath v. Cnty. of Aiken*, 302 S.C. 178, 184, 394 S.E.2d 709, 712 (1990) ("Clearly this litigation enured to the benefit of the citizens of Aiken County. Therefore, if any special circumstances exist, they are such circumstances as would make it unjust *not* to award attorney's fees, for it would obviously be unfair for Sheriff Heath to bear the costs of litigation which benefitted all the citizens of Aiken County.").

**AFFIRMED.**

**SHORT, WILLIAMS, and LOCKEMY, JJ., concur.**

---

is the law of the case. *ML-Lee Acquisition Fund, L.P. v. Deloitte & Touche*, 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (holding that an unappealed ruling is law of the case); *Buckner v. Preferred Mut. Ins. Co.*, 255 S.C. 159, 161, 177 S.E.2d 544, 544 (1970) (finding that an unchallenged ruling, "right or wrong, is the law of this case and requires affirmance.").