# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Edward D. Sloan, Jr., individually and on behalf of all others similarly situated, and South Carolina Public Interest Foundation, Appellants,

v.

South Carolina Department of Revenue and James F. Etter, its Director, Respondents.

Appellate Case No. 2013-000577

---

Appeal from Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

---

Opinion No. 27437
Heard May 20, 2014 – Filed August 20, 2014

---

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

---

James G. Carpenter and Jennifer J. Miller, of Carpenter Law Firm, PC, of Greenville, for Appellants.

Milton G. Kimpson, Adam N. Marinelli, and Harry T. Cooper, Jr., of Columbia, for Respondents.

---

**JUSTICE KITTREDGE:** After the South Carolina Department of Revenue (DOR) failed to produce public documents requested by Appellant Edward D.

Sloan, Jr., Sloan[1] filed this Freedom of Information Act[2] (FOIA) action against DOR and its director, James F. Etter, seeking declaratory relief, injunctive relief, and attorney's fees and costs.  After suit was filed, DOR produced the requested information and asserted that Sloan's action was mooted and should be dismissed.  The trial court agreed with DOR and dismissed the complaint, denying all relief.  We affirm in part, reverse in part, and remand for an award of reasonable attorney's fees and costs to Sloan.

## I.

On November 19, 2012, Sloan sent a FOIA request to DOR, seeking specific documents related to the procurement process through which DOR retained a computer security company in response to a cyber-attack on DOR databases.

DOR responded to Sloan by letter on December 10, 2012:

> The South Carolina Department of Revenue has received your Freedom of Information request dated November 19, 2012.  Your request is currently being researched and reviewed.  As soon as the information has been compiled, you will be contacted again and the requested information will be sent to you.
>
> If we are unable to locate, obtain or release the requested file(s) you will be notified of the decision and the reasons for it.

"The purpose of FOIA is to protect the public by providing a mechanism for the disclosure of information by public bodies." *Sloan v. Friends of the Hunley, Inc.* (*Friends I*), 369 S.C. 20, 26, 630 S.E.2d 474, 478 (2006) (citing *Bellamy v. Brown*, 305 S.C. 291, 295, 408 S.E.2d 219, 221 (1991)).  To that end, FOIA provides:

> Each public body, upon written request for records made under this chapter, *shall within fifteen days* (excepting Saturdays, Sundays, and legal public holidays) of the receipt of any such request notify the

---

[1] Sloan brought this action on behalf of himself and all others similarly situated as well as the South Carolina Public Interest Foundation.  We refer to these parties collectively as "Sloan."

[2] S.C. Code Ann. §§ 30-4-10 to -165 (2007 & Supp. 2013).

person making such request *of its determination and the reasons therefor*. Such a determination shall constitute the *final opinion* of the public body as to the *public availability* of the requested public record and, if the request is granted, the record must be furnished or made available for inspection or copying. If written notification of the determination of the public body as to the availability of the requested public record is neither mailed nor personally delivered to the person requesting the document within the fifteen days allowed herein, the request must be considered approved.

S.C. Code Ann. § 30-4-30(c) (2007) (emphasis added). Part of the December 10, 2012 letter appears compliant with section 30-4-30(c), but the final one-sentence paragraph—the "if we are unable to . . . release the requested file(s) you will be notified of the decision" language—seeks to delay DOR's final determination as to the public availability of the requested documents. DOR's response is best characterized as "we will get to it when we get to it," which is manifestly at odds with the clarity mandated by section 30-4-30(c).

When a public body does not render a final opinion within the fifteen-day determination period, FOIA provides for both declaratory and injunctive relief. *Id*. § 30-4-100(a) (2007). FOIA also provides for attorney's fees and costs to the prevailing party. *Id*. § 30-4-100(b) (2007).

Because DOR's response did not satisfy the requirements of FOIA, Sloan filed suit on December 21, 2012, seeking a declaratory judgment that DOR's actions violated FOIA, an injunction requiring DOR to cease violating FOIA by producing the requested documents, and attorney's fees and costs pursuant to section 30-4-100(b).

Three weeks after Sloan filed suit, DOR provided Sloan with the documents he had requested. The trial court held a hearing at which Sloan conceded that his request for injunctive relief was mooted by DOR's production of documents, but Sloan maintained that his request for declaratory relief and attorney's fees and costs remained viable. Conversely, DOR contended Sloan was entitled to no relief. The trial court, in a Form 4 order, summarily ended the case, thereby agreeing with DOR and denying all relief Sloan sought. Sloan appealed, and this Court certified the appeal pursuant to Rule 204(b), SCACR.

## II.

On appeal, Sloan contends that DOR did not comply with FOIA, that his claim for declaratory relief was not mooted by DOR's production of documents, and that he is entitled to reasonable attorney's fees and costs.

DOR's response did not comply with the statutory dictates of FOIA. While DOR did respond to Sloan, its equivocal and evasive response was not a final opinion on the public availability of the requested documents and did not state whether the information requested by Sloan was publicly available for inspection, copying, or production.[3] *See* S.C. Code Ann. § 30-4-30(c) (requiring a "final opinion of the public body as to the public availability of the requested public record" within fifteen days of the receipt of a FOIA request).

Despite DOR's failure to comply with the requirements of FOIA, we hold the trial court properly found that Sloan's request for a declaratory judgment was mooted when DOR produced the requested information. Indeed, Sloan acknowledges that his claim for injunctive relief was mooted when he received the documents. Sloan contends, however, that the claim for declaratory relief remained viable. We disagree, for "the information Sloan sought has been disclosed, [and] there is no continuing violation of FOIA upon which the trial court could have issued a declaratory judgment." *Friends I*, 369 S.C. at 26, 630 S.E.2d at 478. This, however, does not end the case, for Sloan further sought to recover his attorney's fees and costs[4] as provided in section 30-4-100(b).

---

[3]  We are not unsympathetic with the burden placed on public bodies to make a final determination within fifteen days. This requirement is, however, a legislatively mandated time period with which public bodies must comply and courts must enforce.

[4] DOR contends the issue of attorney's fees and costs is not preserved for appellate review because the Form 4 order did not explicitly reference the issue. We disagree, for Sloan sought attorney's fees and costs in his complaint and the issue was argued at the hearing. *See State v. Oxner*, 391 S.C. 132, 134, 705 S.E.2d 51, 52 (2011) ("'[A]ll this Court has ever required is that the questions presented for its decision must first have been fairly and properly raised to the lower court and passed upon by that court.'" (quoting *Hubbard v. Rowe*, 192 S.C. 12, 19, 5 S.E.2d 187, 189 (1939))). By denying all requested relief and "ending" the case, the Form 4 order necessarily ruled on Sloan's request for attorney's fees and costs, as well as his request for injunctive and declaratory relief. Because we construe this

Sloan is the prevailing party. *See Sloan v. Friends of the Hunley, Inc.* (*Friends II*), 393 S.C. 152, 157, 711 S.E.2d 895, 897 (2011) ("When a public body frustrates a citizen's FOIA request to the extent that the citizen must seek relief in the courts and incur litigation costs, the public body should not be able to preclude prevailing party status to the citizen by producing the documents after litigation is filed." (citations omitted)). As the prevailing party under these circumstances, the trial court erred in not awarding Sloan his reasonable attorney's fees and costs.[5] Sloan is entitled to recover his reasonable attorney's fees and costs in this action. *See Litchfield Plantation Co. v. Georgetown Cnty. Water & Sewer Dist.*, 314 S.C. 30, 34, 443 S.E.2d 574, 576 (1994) (Toal, J., concurring in part, dissenting in part) ("A governmental agency should not be allowed to stonewall an FOIA request without some penalty for its actions."). We reverse the trial court and remand to the trial court for an award of reasonable attorney's fees and costs to Sloan.

## III.

We affirm the trial court's dismissal of Sloan's claims for declaratory and injunctive relief, and we reverse the denial of attorney's fees and costs and remand for a determination of Sloan's reasonable attorney's fees and costs in this action.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**TOAL, C.J., and BEATTY, J., concur. PLEICONES, J., concurring in part and dissenting in part in a separate opinion in which HEARN, J., concurs.**

---

summary dismissal as a denial of Sloan's request for attorney's fees and costs, the remand proposed by the dissent to revisit the issue anew is not warranted.

[5] Sloan's request for attorney's fees and costs is not limited to the period of time concluding with the production of the requested documents. The temporal limitation in *Friends II* was a consequence of the law of the case doctrine from *Friends I*, as we were "constrained to reverse the award of fees beyond the time [the public body] produced the requested documents." *Friends II*, 393 S.C. at 158, 711 S.E.2d at 898. No such constraint is present here.

**JUSTICE PLEICONES:** I concur in part and dissent in part. I agree with the majority's holding that DOR's response to Sloan's document request failed to comply with the requirement of FOIA. [6] I further agree that Sloan's action for declaratory relief was rendered moot when DOR produced the requested information.

I dissent from that portion of the majority's decision as mandates an award of attorney's fees and costs to Sloan upon remand. The award of fees and costs to the prevailing person or entity in a suit brought pursuant to section 30-4-100(a) is entrusted to the discretion of the trial court. S.C. Code Ann. § 30-4-100(b) (2007) ("If a person or entity seeking such relief prevails, he or it *may* be awarded reasonable attorney fees and other costs of litigation.") (emphasis supplied). The trial court in this case declined to exercise its discretion in regard to an award of fees and costs. Therefore, I would remand this case to circuit court where the parties should be permitted to present the full panoply of considerations germane to an award of fees and costs.

**HEARN, J., concurs.**

---

[6] I share in the majority's concern over the burden placed on public bodies to make a final determination within fifteen days. *See* S.C. Code Ann. § 30-4-30(c) (2007). I note that our version of FOIA, unlike the Federal Act, does not allow an agency to extend its determination of a FOIA request where that request is especially burdensome or voluminous. *See* 5 U.S.C. 552 § (a)(6)(B)(i)-(iii).