**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Randy Horton, Appellant,

v.

Jasper County School District, Respondent.

Appellate Case No. 2014-002612

Appeal From Jasper County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2016-UP-151
Submitted December 1, 2015 – Filed March 30, 2016

**AFFIRMED**

James Ashley Twombley, of Twenge & Twombley, LLC, of Beaufort, for Appellant.

Dwayne Traynor Mazyck and Mary Allison Caudell, both of Childs & Halligan, PA, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Sloan v. Friends of Hunley, Inc.*, 393 S.C. 152, 156, 711 S.E.2d 895, 897 (2011) ("The decision to award or deny attorney['s] fees under a state statute will not be disturbed on appeal absent an abuse of discretion." (quoting *Kiriakides*

*v. Sch. Dist. of Greenville Cty.*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009))); *id.* ("An abuse of discretion occurs when the conclusions of the [circuit] court are either controlled by an error of law or are based on unsupported factual conclusions." (quoting *Kiriakides*, 382 S.C. at 20, 675 S.E.2d at 445)); S.C. Code Ann. § 30-4-100(b) (2007) ("If a person or entity seeking such relief prevails [under the Freedom of Information Act (FOIA)], he or it may be awarded reasonable attorney['s] fees and other costs of litigation.  If such person or entity prevails in part, the court may in its discretion award him or it reasonable attorney['s] fees or an appropriate portion thereof."); *Campbell v. Marion Cty. Hosp. Dist.*, 354 S.C. 274, 288-89, 580 S.E.2d 163, 170 (Ct. App. 2003) (stating under section 30-4-100, "the only prerequisite to an award of attorney's fees and costs is that the party seeking relief must prevail, in whole or in part"); *Burton v. York Cty. Sheriff's Dep't*, 358 S.C. 339, 357-58, 594 S.E.2d 888, 898 (Ct. App. 2004) ("The [FOIA attorney's fees] award, however, must be reasonable and supported by adequate findings."); *Jackson v. Speed*, 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997) ("[O]n appeal, an award for attorney's fees will be affirmed so long as sufficient evidence in the record supports each factor.").

**AFFIRMED.**[1]

**HUFF, A.C.J, and WILLIAMS and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.