**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Adele J. Pope, Appellant,

v.

Alan Wilson, in his capacity as Attorney General of South Carolina, and James Brown Legacy Trust, by Russell L. Bauknight, its Trustee, Respondents.

Appellate Case No. 2016-001727

———————

Appeal From Richland County
Frank R. Addy, Jr., Circuit Court Judge
Doyet A. Early, III, Circuit Court Judge

———————

Opinion No. 2019-UP-219
Heard February 12, 2019 – Filed June 19, 2019

———————

**REVERSED AND REMANDED**

———————

Adam Tremaine Silvernail, of Law Office of Adam T. Silvernail, of Columbia, for Appellant.

Keith M. Babcock, Ariail Elizabeth King, and David Lee Paavola, all of Lewis Babcock L.L.P., of Columbia, for Respondent James Brown Legacy Trust, by Russell L. Bauknight, its Trustee.

Solicitor General Robert D. Cook and Deputy Solicitor General J. Emory Smith, Jr., both of Columbia, for Respondent Alan Wilson.

---

**PER CURIAM:**   In this action seeking relief under the Freedom of Information Act (FOIA), Appellant Adele Pope seeks review of the circuit court's two separate orders dismissing her complaint.[1]  We reverse these orders and remand for an order dismissing the Legacy Trust as a defendant and for further proceedings consistent with this opinion.[2]

## FACTS/PROCEDURAL HISTORY

This FOIA action has a procedural history similar to a second FOIA action filed by Pope (involving a separate FOIA request dated July 19, 2011) and addressed by this court in a published opinion issued simultaneously with this opinion.  *See Adele J. Pope v. Alan Wilson, in his capacity as Attorney General of South Carolina*, Op. No. 5657 (S.C. Ct. App. filed Jun 19, 2019).  Unique to the present action is Pope's FOIA request dated June 30, 2011, in which Pope requested the following documents from Respondent Alan Wilson, in his capacity as Attorney General of South Carolina (AG):

> 1.   The final and all drafts, signed and unsigned, of the James Brown Legacy Trust[; and]
>
> 2.   All correspondence, email and/or other communications between any member of the Office of the [AG] and Russell L. Bauknight between August 1, 2010[,] and May 4, 2011[,] related to the

---

[1] Included in Pope's assignments of error is the argument that the circuit court should have granted her summary judgment motion.  However, "the denial of a motion for summary judgment is not appealable, even after final judgment." *Olson v. Faculty House of Carolina, Inc.*, 354 S.C. 161, 168, 580 S.E.2d 440, 444 (2003).

[2] With the exception of mootness, we decline to address the Attorney General's additional sustaining grounds. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("It is within the appellate court's discretion whether to address any additional sustaining grounds.").

> value of the assets of the Estate of James Brown
> and/or the James Brown 2000 Irrevocable Trust.

Pope also requested from Respondent James Brown Legacy Trust (Legacy Trust) the "final and all drafts, signed and unsigned, of the James Brown Legacy Trust." This letter was also dated June 30, 2011, and both letters referenced FOIA.

In a letter dated August 5, 2011, in which the AG was responding to Pope's July 19, 2011 FOIA request, the AG referenced Pope's June 30, 2011 letter, stating,

> I have also been notified by attorneys in the Civil Division of the [AG] that you refer to a request dated June 30, 2011[,] in a motion filed by you in a South Carolina circuit court case. Please be advised the only direct requests I have received from you during the June to August 2011 time period are the six referenced above. If there is a request dated in June 2011 that was not received by this Office, but that you represent you drafted and sent on June 30, 2011, if you will forward it to me within the next five (5) business days, I will expedite the response to it.

After having received no direct response to her June 30, 2011 letter, Pope filed this FOIA action in Newberry County on August 3, 2011, seeking the records referenced in her letters to the AG and the Legacy Trust and attaching copies of these letters to her complaint. The AG and the Legacy Trust then filed respective motions to dismiss this action, and Pope subsequently filed a motion for summary judgment. After conducting a hearing on January 11, 2012, the circuit court issued a Form 4 judgment transferring venue to Richland County. The AG later filed a motion for judgment on the pleadings.

In an order dated June 14, 2016, the circuit court granted the AG's motion to dismiss. In its order, the circuit court referenced the pending fiduciary litigation involving the parties (*Bauknight v. Pope*)[3] and concluded that FOIA "is not a tool that may be used to bypass civil discovery in a pending case." The circuit court also concluded that the requested documents were exempt under FOIA because the South Carolina Rules of Civil Procedure constitute "law" for purposes of the exemption in section 30-4-40(a)(4) of the South Carolina Code (2007), which allows a public body to exempt from disclosure "[m]atters specifically exempted from disclosure by

---

[3] Civil Action No. 2010-CP-40-4900.

statute or law." Pope filed a motion to alter or amend the circuit court's order, but the circuit court denied the motion.

On June 20, 2016, the circuit court granted the motion to dismiss filed by the Legacy Trust. In its order, the circuit court concluded (1) Pope's complaint failed to allege facts sufficient to characterize the Legacy Trust as a "public body" under FOIA; (2) the Legacy Trust no longer existed because it was invalidated by the supreme court's opinion in *Wilson v. Dallas*;[4] and (3) Pope's action was moot because she was in possession of the records requested from the Legacy Trust and the AG. Pope filed a motion to alter or amend the circuit court's order, but the circuit court denied the motion. This appeal followed.

## LAW/ANALYSIS

### I.  Mootness

Pope assigns error to the circuit court's conclusion that her FOIA action is moot. Both the AG and the Legacy Trust argue this action is moot because the AG provided copies of the only documents responsive to Pope's request,[5] which were two unsigned drafts of the Legacy Trust attached to the AG's answer to Pope's complaint. The AG also asserts that these drafts "have long been of public record in *Wilson v. Dallas*, . . . a case in which [Pope] was a party." The AG states that he has no other documents that are responsive to Pope's request. However, Pope asserts that neither the AG nor the Legacy Trust complied with her request.

"A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court." *Sloan v. Friends of Hunley, Inc. (Friends I)*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006). "If there is no actual controversy, this [c]ourt will not decide moot or academic questions." *Id.* In *Friends I*, our supreme court addressed the question of mootness as it pertained to a FOIA action and affirmed the circuit court's ruling that the case was moot because the defendant provided the requested documents. *Id.* at 26, 630

---

[4] 403 S.C. 411, 450–51, 743 S.E.2d 746, 767–68 (2013).

[5] The circuit court made this conclusion in its order granting the motion to dismiss filed by the Legacy Trust. Also, the AG asserted mootness as an additional sustaining ground for the order granting his separate motion to dismiss.

S.E.2d at 477–78.[6]  The court held, "Because the information Sloan sought has been disclosed, there is no continuing violation of FOIA upon which the trial court could have issued a declaratory judgment."  *Id.* at 26, 630 S.E.2d at 478.

In *Sloan v. South Carolina Department of Revenue*, our supreme court once again addressed the question of mootness in a FOIA action.  409 S.C. 551, 554–55, 762 S.E.2d 687, 688–89 (2014).  The court affirmed the circuit court's finding that the plaintiff's request for a declaratory judgment was mooted when the defendant produced the requested information, but the court also held that the defendant's initial response was incomplete.  *Id.*  Further, after concluding the action was moot, the court added, "*This . . . does not end the case*, for [the plaintiff] further sought to recover his attorney's fees and costs as provided in section 30-4-100(b)."  *Id.* at 555, 762 S.E.2d at 689 (emphasis added).  We will address Pope's request for attorney's fees in another section of this opinion.

In determining whether this case is moot, we begin our analysis with the foundation on which Pope bases her claim:  "Any person has a right to inspect or copy any public record of a public body, except as otherwise provided by § 30-4-40, in accordance with reasonable rules concerning time and place of access."  S.C. Code Ann. § 30-4-30(a) (2007).[7]  In ruling this action was moot, the circuit court stated Pope did not contest the AG's claim that he had given her all the documents responsive to her request.  However, the transcript of the May 17, 2016 motions hearing indicates that Pope challenged this claim.  Pope also challenges this claim in her appellate brief.  Because there still exists an actual controversy concerning the AG's compliance with Pope's FOIA request, this action is not moot.  *See Friends I*, 369 S.C. at 26, 630 S.E.2d at 477 ("If there is no actual controversy, this [c]ourt will not decide moot or academic questions.").

## II.    Existence of Legacy Trust

---

[6] Therefore, the defendant was able to temporarily avoid the question of whether it was a public body for purposes of FOIA.  *See id.* at 24, 630 S.E.2d 476–77 (noting the defendant "sought summary judgment arguing that [the plaintiff's] cause of action for a declaratory judgment finding [the defendant] a public body subject to FOIA was moot because they had fully complied with [the plaintiff's] FOIA request").  On appeal, the defendant finally admitted it was a public body for purposes of the plaintiff's FOIA action.  *Sloan v. Friends of Hunley, Inc. (Friends II)*, 393 S.C. 152, 155, 711 S.E.2d 895, 896 (2011).

[7] We are citing to the version of the statute in effect at the time Pope sent her FOIA request to the AG.

Pope asserts the circuit court erred by concluding that the Legacy Trust was no longer in existence due to the supreme court's opinion in *Wilson v. Dallas*, which invalidated the compromise agreement creating the Legacy Trust. She argues that after the opinion in *Wilson v. Dallas* was issued, the Legacy Trust continued to litigate in *Bauknight v. Pope* and there is no evidence in the record showing that a dissolution of the entity as a charitable organization has taken place.

On the other hand, the Legacy Trust argues that the premise to Pope's FOIA action against it was that the Legacy Trust was subject to FOIA because of the AG's involvement in the creation of the trust and his anticipated continuing oversight of the trust. Pope's August 3, 2011 complaint states, in pertinent part, that the Legacy Trust

> is, on information and belief, a public body under [FOIA], with Russell L. Bauknight as its current trustee. The Legacy Trust is under the continuing and direct control of [the AG] through the AG's unfettered right at any time and from time to time to remove and replace the trustee of the Legacy Trust with such person as [the AG] shall select, with all trustees to serve at the AG's pleasure.

The Legacy Trust further asserts that the *Wilson* opinion mooted the premise for this action against the Legacy Trust because *Wilson* effectively terminated the AG's involvement in the Legacy Trust. Russell Bauknight's May 2, 2016 affidavit indicates that the AG has had no involvement in the Legacy Trust since the *Wilson* opinion was filed.

Based on the foregoing, we agree that the issuance of the *Wilson* opinion mooted the premise for naming the Legacy Trust as a defendant in this action. However, rather than merely dismissing the Legacy Trust as a defendant, the circuit court granted the Legacy Trust's motion to dismiss Pope's complaint based on the court's erroneous conclusion that the entire action was moot. *See supra* section I. Therefore, we reverse this order. On remand, the circuit court shall issue an order dismissing merely the Legacy Trust as a defendant.[8]

---

[8] Because we are ordering the circuit court to dismiss the Legacy Trust as a defendant, we need not reach the issue of whether the Legacy Trust is a public body. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d

## III.    FOIA Exemption

Pope argues the circuit court erred in concluding her FOIA request was subordinate to discovery rules.  She asserts that her status as a defendant in pending fiduciary litigation does not affect her rights under FOIA.

We note the circuit court's order granting the AG's motion to dismiss was virtually identical to its order dismissing Pope's complaint in *Adele J. Pope v. Alan Wilson, in his capacity as Attorney General of South Carolina*, Op. No. 5657 (S.C. Ct. App. filed Jun 19, 2019).  For the reasons discussed in section I of our published opinion in that case, we reverse the circuit court's order granting the AG's motion to dismiss the present action and remand for further proceedings.

## IV.    Attorney's Fees

Pope argues she is entitled to attorney's fees because the AG violated FOIA by refusing to provide the requested records.  Because we are remanding the case for further proceedings, the question of attorney's fees is premature.  *See* S.C. Code Ann. § 30-4-100(B) (Supp. 2018) ("If a person or entity seeking relief under this section prevails, he may be awarded reasonable attorney's fees and other costs of litigation specific to the request.  If the person or entity prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion of those attorney's fees.").

## CONCLUSION

Based on the foregoing, we reverse the circuit court's two orders dismissing Pope's complaint and remand for an order dismissing the Legacy Trust as a defendant and for further proceedings consistent with this opinion.  In light of this disposition, we need not address Pope's remaining issue.  *See Futch*, 335 S.C. at 613, 518 S.E.2d at 598 (providing that an appellate court need not address remaining issues when resolution of a prior issue is dispositive).

**REVERSED AND REMANDED.**

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

591, 598 (1999) (providing that an appellate court need not address remaining issues when resolution of a prior issue is dispositive).