**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jada Garris, Respondent,

v.

Lexington School District One, Appellant.

Appellate Case No. 2020-000770

———————

Appeal From Lexington County
William A. McKinnon, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-297
Submitted June 1, 2022 – Filed July 13, 2022

———————

**AFFIRMED**

———————

David T. Duff and David Nelson Lyon, both of Duff
Freeman Lyon, LLC, of Columbia, for Appellant.

Andrew Sims Radeker and Taylor Meriwether Smith, IV,
both of Harrison, Radeker & Smith, P.A., of Columbia,
for Respondent.

———————

**PER CURIAM:** Lexington School District One (the District) appeals the trial court's order awarding Jada Garris attorneys' fees and costs. On appeal, the District argues the trial court (1) abused its discretion in awarding Garris the full amount of attorneys' fees when she prevailed only in part, (2) abused its discretion

in awarding attorneys' fees for claims Garris dismissed or abandoned prior to trial, and (3) erred in finding that the District did not contest certain factors enumerated in *Burton v. York Cnty. Sheriff's Dep't*.[1]  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in awarding Garris the full amount of attorneys' fees.  *See Kiriakides v. Sch. Dist. of Greenville Cnty.*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009) ("The decision to award or deny attorneys' fees under a state statute will not be disturbed on appeal absent an abuse of discretion.").  Garris prevailed as to a claim at trial and as to the claims she removed from her complaint, which related to information the District produced prior to trial, but after the commencement of litigation.  Further, the trial court thoroughly considered the *Burton* factors and although the District argues the trial court erred in determining it did not contest factors one or two, as the trial court determined in its amended decision, the District did not provide anything in support of its contentions as to these factors.  *See Sloan v. Friends of Hunley, Inc.*, 393 S.C. 152, 156, 711 S.E.2d 895, 897 (2011) ("An abuse of discretion occurs when the conclusions of the trial court are either controlled by an error of law or are based on unsupported factual conclusions." (quoting *Kiriakides*, 382 S.C. at 20, 675 S.E.2d at 445)); S.C. Code Ann. § 30-4-100(B) (Supp. 2021) ("If a person or entity seeking relief under [the Freedom of Information Act[2]] prevails, [s]he may be awarded reasonable attorney's fees and other costs of litigation specific to the request.  If the person or entity prevails in part, the court may in its discretion award [her] reasonable attorney's fees or an appropriate portion of those attorney's fees."); *Glassmeyer v. City of Columbia*, 414 S.C. 213, 224, 777 S.E.2d 835, 841 (Ct. App. 2015) ("Under this section, the only prerequisite to an award of attorney's fees and costs is that the party seeking relief must prevail, in whole or in part." (quoting *Campbell v. Marion Cnty. Hosp. Dist.*, 354 S.C. 274, 288-89, 580 S.E.2d 163, 170 (Ct. App. 2003)); *Sloan*, 393 S.C. at 156, 711 S.E.2d at 897 ("[A] prevailing party is 'one who successfully prosecutes an action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention [and] is the one in whose favor the decision or verdict is rendered and judgment entered." (alteration in original) (quoting *Heath v. County*

---

[1] 358 S.C. 339, 358, 594 S.E.2d 888, 898 (Ct. App. 2004) (stating the factors a trial court must consider when determining an award of attorneys' fees: (1) the nature, extent, and difficulty of the case, (2) the time necessarily devoted to the case, (3) professional standing of counsel, (4) contingency of compensation, (5) customary legal fees for similar services, and (6) beneficial results obtained).

[2] S.C. Code Ann. §§ 30-4-10 to -165 (2007 & Supp. 2021).

*of Aiken*, 302 S.C. 178, 182-83, 394 S.E.2d 709, 711 (1990))); *id.* at 157, 711 S.E.2d at 897 ("When a public body frustrates a citizen's FOIA request to the extent that the citizen must seek relief in the courts and incur litigation costs, the public body should not be able to preclude prevailing party status to the citizen by producing the documents after litigation is filed."); *Burton*, 358 S.C. at 358, 594 S.E.2d at 898 (stating that a trial court considers the following six factors when determining whether to award attorneys' fees: (1) the nature, extent, and difficulty of the case, (2) the time necessarily devoted to the case, (3) professional standing of counsel, (4) contingency of compensation, (5) customary legal fees for similar services, and (6) beneficial results obtained).

Because the resolution of the prior issues is dispositive, we need not address the portion of issue three regarding section 30-4-100(A) of the South Carolina Code (Supp. 2021). *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**AFFIRMED.**[3]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.