**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Public Interest Foundation, Appellant,

v.

South Carolina Department of Transportation and Robert
J. St. Onge, Jr., Secretary of Transportation,
Respondents.

Appellate Case No. 2019-001006

———————

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge
William Jeffrey Young, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-406
Submitted September 1, 2022 – Filed November 16, 2022

———————

**AFFIRMED**

———————

James G. Carpenter, of Carpenter Law Firm, PC, of
Greenville, for Appellant.

Beacham O. Brooker, Jr., of Brooker Law Offices LLC,
of Columbia, for Respondents.

———————

**PER CURIAM:** The South Carolina Public Interest Foundation (PIF) appeals a circuit court order denying a request for attorney's fees under the fee-shifting provision of the Freedom of Information Act (FOIA). We affirm.

First, we respectfully disagree with PIF's argument that winning a motion to compel discovery in a separate case makes it the prevailing party on the FOIA request at issue in this case. It is true that PIF sought the same information in both cases, but the fact remains PIF did not get the information it sought through its FOIA request. PIF received the information through an order compelling discovery. *See* S.C. Code Ann. § 30-4-100(B) (Supp. 2022) (stating FOIA's fee-shifting provision only applies to parties who prevail in seeking relief "under this section").

Second, we disagree with PIF's argument that its claim is supported by the reasoning in *Sloan v. Friends of the Hunley, Inc.*, 393 S.C. 152, 711 S.E.2d 895 (2011). As noted above, the South Carolina Department of Transportation (SCDOT) produced the withheld information after the circuit court ordered it to do so in the separate case between these same parties. We understand *Sloan* as holding that a party cannot avoid the consequences of FOIA's fee-shifting provision by complying with a FOIA request only after its noncompliance forces the requesting party to file a suit to enforce FOIA. *Id.* at 154-58, 711 S.E.2d at 896-98 (holding the appellant was liable for the respondent's attorney's fees when it initially denied it was subject to FOIA and refused to produce any documents but then produced the documents "in the spirit of cooperation" after the requesting party filed a FOIA complaint). Here, SCDOT promptly responded to the FOIA request and was litigating the remainder of the request until the discovery order rendered the merits of the FOIA case moot.

Third, we question whether PIF would have secured the withheld information if the FOIA case was litigated on the merits. Though the subject matter and basic facts of the situation leading to the FOIA case are undoubtedly matters of public concern, the circuit court was never put to the task of weighing whether privacy interests outweighed the public's interest with respect to any parts of the information PIF sought. *See* S.C. Code Ann. § 30-4-40(a)(3)(C) (Supp. 2022) (setting out FOIA's "privacy exemption," which exempts parties from having to disclose information when it would be an unreasonable invasion of privacy). The public has a strong interest in preventing public bodies from using funds for private purposes, but disclosing personal information and investigatory and disciplinary reports of the people involved may not have been necessary to advance that interest. *See Glassmeyer v. City of Columbia*, 414 S.C. 213, 216, 223, 777 S.E.2d 835, 837, 841 (Ct. App. 2015) (finding there was no evidence that disclosure of addresses, telephone numbers, and email addresses of individuals who applied for the position of city manager "would further the FOIA's purpose of protecting the public from

secret government activity" and exempting that information from disclosure to avoid unreasonably invading those individuals' privacy); *City of Columbia v. Am. Civ. Liberties Union of S.C., Inc.*, 323 S.C. 384, 387, 475 S.E.2d 747, 749 (1996) (explaining the contents of an investigatory report of a public body may be wholly or partially exempt from FOIA under FOIA's privacy exemption and courts decide whether information qualifies for the exemption on a case-by-case basis); *Stern v. FBI*, 737 F.2d 84, 91-92 (D.C. Cir. 1984) (stating a public body could redact the names of certain employees from a response to a FOIA request seeking an investigatory report that led to disciplinary action against them when revealing their identities would not serve a public interest).

Finally, the circuit court did not make any mistake of law or fact in its order. *See* S.C. Code Ann. § 30-4-100(B) ("If a person or entity seeking relief under this section prevails, he *may* be awarded reasonable attorney's fees . . . ." (emphasis added)); *Litchfield Plantation Co. v. Georgetown Cnty. Water & Sewer Dist.*, 314 S.C. 30, 33, 443 S.E.2d 574, 575-76 (1994) (emphasizing the discretionary language in section 30-4-100(B) and reviewing an order denying attorney's fees for an abuse of discretion); *Wilson v. Dallas*, 403 S.C. 411, 425, 743 S.E.2d 746, 754 (2013) ("An abuse of discretion occurs when a court's order is controlled by an error of law or there is no evidentiary support for the court's factual conclusions.").

In light of the reasons given above, we need not reach PIF's argument about the reasonableness of its fees. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court does not need to review remaining issues when its determination of a prior issue is dispositive). Therefore, the circuit court's order is

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.