# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Randy Horton, Petitioner,

v.

Jasper County School District, Respondent.

Appellate Case No. 2016-001507

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Beaufort County
Carmen T. Mullen, Circuit Court Judge

---

Opinion No. 27808
Heard March 28, 2018 – Filed May 30, 2018

---

## REVERSED

---

James Ashley Twombley, of Twenge & Twombley, LLC,
of Beaufort, for Petitioner.

David T. Duff and David Nelson Lyon, both of Duff &
Childs, LLC, of Columbia, for Respondent.

---

**JUSTICE FEW:** After Randy Horton won this action seeking the production of documents under the South Carolina Freedom of Information Act (FOIA), the circuit court awarded him attorneys' fees at a rate of $100 per hour. On appeal, we address solely the question of whether the court abused its discretion in selecting that hourly rate. We reverse.

## I.    Facts and Procedural History

Horton is an elected member of the Board of Trustees for the Jasper County School District. In his capacity as a Board member, Horton requested the Board produce itemized credit card statements for District-issued credit cards, a list of bonus checks given by the District, and information regarding the funding sources for those expenses. For reasons the District did not explain—and which we cannot fathom—the District refused to turn over the information. Horton then made a number of written requests to the District to produce the information pursuant to the FOIA. Thirteen months later, having received no documents from the District and no explanation for the District's refusal to produce the documents, Horton filed this action requesting the circuit court order the District to produce the documents and award him reasonable attorneys' fees. The District answered and denied Horton was entitled to the records he requested.

Horton filed a motion for summary judgment. Between the filing of the motion and the initial hearing on the motion, the District produced to Horton some of the requested documents. At the initial hearing, the circuit court directed the parties to file additional briefs, and scheduled a full hearing. During the second hearing, the court instructed the District to produce the remaining documents and asked Horton's counsel to submit an affidavit of attorneys' fees and costs.

Horton's counsel—the late Jennifer I. Campbell—filed an affidavit in which she detailed the amount of time she and her co-counsel—J. Ashley Twombley—spent working on the case, as well as the hourly rates requested for each attorney. In particular, counsel stated, "As of the date of this Affidavit, I have spent 95.60 hours working on the case; J. Ashley Twombley has spent 39.7 hours . . . ." Campbell listed her hourly rate at $250 and Twombley's rate at $295. The affidavit contained evidence to support those hourly rates. The attorneys' fee request based on the hours and rates Campbell supplied was $35,611.50. In addition, Campbell stated the firm had incurred $1,096.56 in litigation costs. The District did not respond, and did not present any evidence to contradict Campbell's affidavit.

The circuit court issued an order granting Horton's motion for summary judgment, formalizing its previous instruction that the District produce "the entirety of requested documents." In the same order, the court found Horton was entitled to attorneys' fees and costs, stating,

> Jennifer I. Campbell's affidavit regarding legal fees and costs . . . portrays commensurate time, nature, extent and difficulty expended by both Jennifer I. Campbell and J.

Ashley Twombley in procuring the FOIA requested documents and litigation related thereto. Legal fees claimed relate to counsel's preparation of pleadings, briefing the court regarding jurisdiction over this issue, standing and the merits of the case. Document review was conducted over the course of several months. Once production was complete, individual documents totaled over two thousand pages over the course of seven different submissions. Counsel has a combined twenty-five years of experience in litigation. Ultimately, my ruling produces beneficial results for their client.

The court then awarded attorneys' fees at a rate of $100 an hour for a total of 135.3 hours, which equals $13,530. The circuit court gave no explanation for why it chose $100 per hour as opposed to the hourly rates Campbell presented in her affidavit. As to costs, the court found Horton was entitled to $1,096.56. The circuit court's total award was $14,626.56.

On appeal, the court of appeals affirmed the circuit court's award of attorneys' fees in an unpublished decision. *Horton v. Jasper Cty. Sch. Dist.*, Op. No. 2016-UP-151 (S.C. Ct. App. filed March 30, 2016). Horton filed a petition for a writ of certiorari, which we granted.

## II.     Discussion

We begin our analysis with the fact that, despite its initial refusal to produce anything, the District does not now dispute Horton was entitled to the documents he requested. The District is a public body and the documents Horton requested are public records. *See* S.C. Code Ann. § 30-4-20(a) (2007) (defining "Public body" to include "any public or governmental body or political subdivision of the State, including . . . school districts"); S.C. Code Ann. § 30-4-20(c) (defining "Public record" broadly). Because Horton prevailed in his lawsuit, he is entitled to receive attorneys' fees. S.C. Code Ann. § 30-4-100 (Supp. 2017) ("If a person or entity seeking relief under this section prevails, he may be awarded reasonable attorney's fees and other costs of litigation specific to the request."); *see also Sloan v. Friends of Hunley, Inc.*, 393 S.C. 152, 158, 711 S.E.2d 895, 898 (2011) (finding the plaintiff prevailed under the FOIA and therefore "is entitled to an award of attorney's fees"). Therefore, the sole issue before us is whether the circuit court abused its discretion in selecting the hourly rate of $100.

As to our standard of review, "[T]he specific amount of attorneys' fees awarded pursuant to a statute authorizing reasonable attorneys' fees is left to the discretion of the trial judge and will not be disturbed absent an abuse of discretion." *Kiriakides v. Sch. Dist. of Greenville Cty.*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009) (quoting *Layman v. State*, 376 S.C. 434, 444, 658 S.E.2d 320, 325 (2008)); *see Sloan*, 393 S.C. at 156, 711 S.E.2d at 897 (applying the abuse of discretion standard to an award of attorneys' fees under the FOIA). There are six factors courts should consider in exercising that discretion: (1) nature, extent, and difficulty of the case; (2) time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services. *Burton v. York Cty. Sheriff's Dep't*, 358 S.C. 339, 358, 594 S.E.2d 888, 898 (Ct. App. 2004). We have previously held that a court should consider all six factors in making its decision, and we have explained "none of these six factors is controlling." *Baron Data Sys., Inc. v. Loter*, 297 S.C. 382, 384, 377 S.E.2d 296, 297 (1989). "[T]he trial court should make specific findings of fact on the record for each of these factors." *Burton*, 358 S.C. at 358, 594 S.E.2d at 898.

Here, the circuit court made general findings as to some—but not all—of the six factors. In particular, the court found counsel's affidavit portrayed "commensurate time, nature, extent and difficulty expended by both Jennifer I. Campbell and J. Ashely Twombley in procuring the FOIA requested documents and litigation related thereto." The court explained counsel's fees were for "preparation of pleadings, briefing the court regarding jurisdiction over this issue, standing and the merits of the case," as well as extensive document review of "two thousand pages over the course of seven different submissions." We interpret these general statements to indicate the circuit court agreed with counsel that the issues presented in this case warranted 135.3 hours of lawyer time.

The court also made general findings on two other *Burton* factors: counsel had "a combined twenty-five years of experience in litigation," and counsel achieved a beneficial result for their client. We interpret these general statements to support the hourly rate Horton's attorneys requested. The circuit court made no findings, however, regarding the fourth factor—contingency of compensation[1]—and the sixth

---

[1] The only evidence in the record on this factor is that Twombley and Campbell's right to be paid was contingent on a fee award by the circuit court.

factor—customary legal fees for similar services. In sum, every finding the circuit court made appears to support the affidavit of Horton's counsel.

Nevertheless, the circuit court awarded attorneys' fees at a rate of $100 per hour, rather than the hourly rate presented by Horton—$295 for Twombley and $250 for Campbell. The court provided no explanation and cited no evidence in the record to support its conclusion that $100 per hour was reasonable. At oral argument, counsel for the District was asked to point to evidence that supported the $100 per hour rate. When counsel could not do so, he admitted the circuit court "should have explained her reasoning in a more comprehensive way." Although the circuit court has discretion in deciding the "specific amount of . . . reasonable attorneys' fees," *Kiriakides*, 382 S.C. at 20, 675 S.E.2d at 445, its decision must not be "based on unsupported factual conclusions," *Sloan*, 393 S.C. at 156, 711 S.E.2d at 897. In the absence of any evidence to support the rate, we find the circuit court abused its discretion.

If this were a situation in which the parties offered conflicting evidence as to the appropriate hourly rate, we would remand this case to the circuit court to allow the court to reconsider its decision and provide specific findings that support the award amount. *See Burton*, 358 S.C. at 358, 594 S.E.2d at 898 (reversing the circuit court for failing to make specific findings "as mandated" and "remand[ing] . . . for a full and proper consideration of the attorney's fees request"). Decisions as to the amount of attorneys' fees should ordinarily be made by trial courts. When a trial court's decision is made on a sound evidentiary basis and is adequately explained with specific findings—as the law requires—we defer to the trial court's discretion. Here, however, there is no evidence in the record that supports the circuit court's reduction of the hourly rate. Thus, we find a remand unnecessary. *See Sloan*, 393 S.C. at 158-59, 711 S.E.2d at 898 (reversing the circuit court's award of attorneys' fees under the FOIA and modifying the fee award "[r]ather than delay the matter further by remand").

### III.   Conclusion

We find the circuit court abused its discretion by reducing the rate to $100 per hour without basing its decision on any evidence. We **REVERSE** the court's decision, and award Horton $35,611.50 in attorneys' fees and $1,096.56 in costs.

**BEATTY, C.J., KITTREDGE, HEARN, and JAMES, JJ., concur.**