# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Wendy Brawley, Respondent/Appellant,

v.

Richland County, South Carolina, Appellant/Respondent.

Appellate Case No. 2020-001135

---

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

---

Opinion No. 6090
Heard May 7, 2024 – Filed September 25, 2024
Withdrawn, Substituted and Refiled January 2, 2025

---

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

---

Jenkins M. Mann and Shaun C. Blake, both of Mann
Blake & Jackson, of Columbia, for
Respondent/Appellant.

Andrew F. Lindemann, of Lindemann Law Firm, P.A., of
Columbia, for Appellant/Respondent.

---

**HEWITT, J.:**  This cross-appeal concerns the Freedom of Information Act (FOIA).
In 2014, Wendy Brawley sent four FOIA requests to Richland County (the County)

regarding the "Lower Richland Sewer Project."[1]  The County had recently applied for a federal grant and loan to fund the project.  In one of her requests, Brawley sought the loan application for the project and any supporting documentation.  After the County provided Brawley with a response she deemed inadequate, Brawley filed suit.

The County produced the loan application and a trove of additional documents related to the sewer project prior to any significant adversarial proceedings.  Years later, a one-day bench trial resulted in a finding that the County violated FOIA and an award to Brawley of roughly $81,000 in attorney's fees and costs.

There is sufficient evidence in the record to affirm the circuit court's finding that the County violated FOIA.  Though we agree with the circuit court that Brawley partially prevailed and is entitled to an award of reasonable fees, there are material errors affecting Brawley's award.  We regret prolonging this already lengthy litigation, but these errors necessitate reversal and a remand.

**BACKGROUND**

Sometime between the years 2010 and 2013, the County applied for a loan and grant from the U.S. Department of Agriculture Rural Development office (the USDA) to fund the Lower Richland Sewer Project.  The project involved expanding the County's sewer service.

In September 2014, Brawley submitted four separate FOIA requests to the County related to this project.  In one of those requests—the one at issue here—Brawley sought "a copy of the application and supporting documentation" that the County submitted to the USDA.  The County responded by letter, stating that it was researching Brawley's request and that it would release the information.

About one week later, the County produced six pages of documents. This production included a one-page, signed but undated application for federal assistance.  Brawley understandably did not believe this was a full response; the loan request was for several million dollars.  Brawley filed suit in March 2015.

---

[1] After initiating this litigation, Wendy Brawley served as a representative in the South Carolina legislature.  For consistency with the circuit court proceedings, we refer to Former Representative Brawley as Brawley throughout the opinion.

The first cause of action in Brawley's lawsuit sought declaratory relief. As relevant here, Brawley sought declarations that the County failed to fully respond to her FOIA requests; that she was entitled to full and complete responses; and that she was entitled to costs and reasonable attorney's fees. Brawley's second cause of action was for temporary and permanent injunctive relief. There, Brawley asked the court to enjoin the County from taking several actions related to the project.

The lawsuit resulted in Brawley receiving a significant number of additional documents in relatively short order. In June 2015, about three months after Brawley filed suit, the County produced fifty-five pages of supplemental materials beyond the six-page FOIA response. These documents included a 2012 application requesting federal assistance for the sewer project. The application was signed by Andy Metts, the then-director of the County's utilities department.

The County also offered Brawley the opportunity to review its entire project file, and she accepted the offer about eight months later in February 2016. The file was apparently quite large and filled several feet of bankers' boxes. Brawley identified roughly 120 pages of additional documents during this inspection that she claimed were relevant to her FOIA request.

There was little court involvement in this case until long after the County's supplemental productions. In due time, however, the circuit court dismissed Brawley's injunctive claims because the requested relief—things like enjoining the County from contacting residents about the project or enjoining the County from going forward with the project—was not authorized under FOIA. The circuit court also dismissed a co-plaintiff from the case and granted partial summary judgment in favor of the County on three of Brawley's four FOIA requests because there was no dispute that those requests were fully resolved. The co-plaintiff and the reasons for its dismissal are not relevant to this appeal. As this paragraph's opening advertised, the point of this description is that the scope of the case significantly narrowed not long after the case was filed and that the bulk of the court activity in the case occurred well after the County's supplemental document productions.

The only FOIA request that was not resolved on summary judgment was the request at issue here—the request for the loan application and supporting documentation. The one-day bench trial on that request occurred roughly three years after the summary judgment order. Three witnesses testified: Brawley; Sara Salley, who worked in the County's administration office at the time of the FOIA request; and Metts.

The trial focused on whether the County had conducted a diligent search for responsive documents before sending Brawley the six pages of materials as its FOIA response. Salley testified that she did not take part in completing the loan application for the sewer project and that she did not maintain a file on the project. Metts testified, however, that the six pages of documents the County initially provided to Brawley came from Salley's office. Metts explained that when he was unable to locate a copy of any applications in the utilities department, he or his staff contacted Salley for assistance.

The circuit court issued an order finding the County had violated FOIA by not conducting a reasonable investigation for all relevant documents before responding to Brawley. The order also included an injunction requiring the County to conduct an additional search and to produce any responsive documents within fifteen days.

The County filed a post-trial motion that, among other things, argued the circuit court could not order the production of additional documents because a prior circuit court order dismissed Brawley's cause of action seeking injunctive relief. The circuit court agreed with this argument in an amended order.

Both the original order and the amended order addressed attorney's fees by ruling that Brawley was entitled to fees but leaving the amount of fees open. Brawley filed an "affidavit as to attorney's fees and costs." The circuit court initially awarded Brawley roughly $81,000 in fees and costs, which was the exact amount Brawley requested. After the County asked the circuit court to reconsider, the court reduced the award by about $400.

**ISSUES**

The County asserts that the circuit court erred in finding a FOIA violation. The County also argues that the court erred in awarding Brawley attorney's fees and costs because the court lacked jurisdiction to determine fees, or, in the alternative, because Brawley prevailed only in part.

Brawley contends the circuit court erred in removing the injunction requiring the County to search for and produce additional documents.

**STANDARD OF REVIEW**

"A declaratory judgment action under . . . FOIA to determine whether certain information should be disclosed is an action at law." *Miramonti v. Richland Cnty.*

*Sch. Dist. One*, 438 S.C. 612, 616, 885 S.E.2d 406, 408 (Ct. App. 2023) (quoting *Campbell v. Marion Cnty. Hosp. Dist.*, 354 S.C. 274, 280, 580 S.E.2d 163, 165 (Ct. App. 2003)). "As to questions of law, this court's standard of review is de novo." *Id.* (*Citizens for Quality Rural Living, Inc. v. Greenville Cnty. Plan. Comm'n*, 426 S.C. 97, 102, 825 S.E.2d 721, 724 (Ct. App. 2019)). "Our standard of review extends to correct errors of law, but we will not disturb the trial court's factual findings as long as they have reasonable support in the record." *Id.*

"The decision on whether to award attorney's fees [under FOIA] is discretionary in nature." *Campbell*, 354 S.C. at 289, 580 S.E.2d at 170. We will not disturb this decision unless the circuit court abused its discretion. *Sloan v. Friends of Hunley, Inc.* (*Friends II*), 393 S.C. 152, 156, 711 S.E.2d 895, 897 (2011). "An abuse of discretion occurs when the conclusions of the trial court are either controlled by an error of law or are based on unsupported factual conclusions." *Id.* (quoting *Kiriakides v. Sch. Dist. of Greenville Cnty.*, 383 S.C. 8, 20, 675 S.E.2d 439, 445 (2009)).

**FOIA VIOLATION**

For the reasons described below, there is sufficient evidence in the record to support the circuit court's finding that the County violated FOIA. *See Campbell*, 354 S.C. at 280, 580 S.E.2d at 166 ("[T]he trial court's factual findings will not be disturbed on appeal [of a declaratory judgment action under FOIA] unless a review of the record discloses that there is no evidence which reasonably supports the judge's findings.").

"The purpose of FOIA is to protect the public by providing a mechanism for the disclosure of information by public bodies." *Sloan v. Friends of Hunley, Inc.* (*Friends I*), 369 S.C. 20, 26, 630 S.E.2d 474, 478 (2006). "[FOIA] must be construed so as to make it possible for citizens, or their representatives, to learn and report fully the activities of their public officials at a minimum cost or delay to the persons seeking access to public documents or meetings." S.C. Code Ann. § 30-4-15 (2007). There have been significant amendments to FOIA in the time since Brawley's FOIA requests. *See* Act 67, 2017 S.C. Acts 311. Throughout this opinion, we rely on the 2014 version of the act, which controls this litigation.

The County's main argument against the circuit court's finding of a FOIA violation is that the County supposedly requested and received certain documents from the USDA after this case commenced. The County contends these documents were not in its possession at the time of Brawley's request and thus the documents cannot support a finding of a FOIA violation.

We agree with the County that FOIA does not require public bodies to seek documents from third parties or recreate documents in order to respond to FOIA requests. *See Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980) (stating FOIA "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained"); *see also, e.g.*, *Ballard v. Newberry County*, 432 S.C. 526, 534, 535, 854 S.E.2d 848, 852 (Ct. App. 2021) (reversing the circuit court's finding of a FOIA violation because the record showed that at the time of the FOIA request, "the documents in question did not exist and were not in [Newberry] County's possession").

However, we respectfully disagree with the County's argument that any responsive documents Brawley obtained through this lawsuit were documents that the County received by virtue of its own request to the USDA. The only "evidence" presented to show that any of the later-produced documents came from the USDA was the County's own discovery response making that same assertion.

The circuit court found, based on witness testimony, that the County possessed additional responsive documents beyond the six pages originally produced and that the County failed to diligently search for and disclose the later-produced documents prior to Brawley filing this case. While we agree with the County that many of the documents Brawley identified in the project file do not qualify as responsive to her request for "the application and supporting documentation," other documents Brawley recovered through this litigation were plainly responsive to her request.

At minimum, the following documents, which were obtained through the February 2016 review but were not within the initial production or June 2015 production, were responsive to Brawley's FOIA request:

a. Plaintiff's Exhibit 9, RC-0167–RC-0168, and Plaintiff's Exhibit 10, RC-0286, what appears to be a signed, 2010 certification to the USDA from the County's then-administrator; and

b. Plaintiff's Exhibit 23, a letter from Metts on behalf of the County to the USDA providing additional requested information, including a tentative timeline for the project.

In addition, and again, at minimum, the following documents from the June 2015 production are documents that the circuit court could well conclude the County

almost certainly retained and had in its possession when Brawley submitted her FOIA request:

a. Plaintiff's Exhibit 5, RC-0001, a signed application dated July 18, 2012;
b. Plaintiff's Exhibit 5, RC-0003–RC-0005, signed and dated budget and cost estimation sheets;
c. Plaintiff's Exhibit 5, RC-0010–RC-0014, a signed "CERTIFICATION OF OUTSTANDING DEBTS" along with supporting documents;
d. Plaintiff's Exhibit 5, RC-0022, a signed and dated "BALANCE SHEET," which references "integral" accompanying notes that we believe to be Exhibit 5, RC-0023–RC-0026; and
e. Plaintiff's Exhibit 5, RC-0045–RC-0052, documents discussing "assumptions" for the project, showing maps of the project, and providing a user rate comparison sheet.

Though Metts claimed he conducted a search for Brawley's FOIA request, this testimony is not definitive and is contradictory to his statement that the utilities department's practice was to not shred or destroy anything related to ongoing projects. Accordingly, the responsive documents described above and the witness testimony support the circuit court's finding that the County did not diligently investigate Brawley's FOIA request.

Because the circuit court's findings are reasonably supported by the record, and there was no admissible evidence presented to the circuit court to show the responsive documents Brawley procured in litigation came solely from the USDA, we affirm.[2]

---

[2] After the initial release of this opinion, the County petitioned for rehearing on the basis that the court did not address several issues raised in its brief, including the County's argument that Brawley did not plead a claim that the County failed to conduct an adequate search for responsive documents. We respectfully disagree that the claim was not pled. Brawley's pleading alleged that the County's FOIA response was incomplete, inadequate, and that the County failed to properly and fully respond. As to the other issues we do not address, we believe the analysis in this opinion renders it unnecessary to address them. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling it is unnecessary for an appellate court to address remaining issues when its resolution of a prior issue is dispositive).

**PREVAILING PARTY**

A party who prevails in an action to enforce FOIA "may be awarded reasonable attorney fees and other costs of litigation." S.C. Code Ann. § 30-4-100(b) (2007). A prevailing party is defined as "one who successfully prosecutes an action or successfully defends against it, prevailing on the main issue, even [if] not to the extent of the original contention[,] [and] is the one in whose favor the decision or verdict is rendered and judgment entered." *Friends II*, 393 S.C. at 156, 711 S.E.2d at 897 (third alteration in original) (quoting *Heath v. County of Aiken*, 302 S.C. 178, 182–83, 394 S.E.2d 709, 711 (1990)).

We have no difficulty determining Brawley partially prevailed in this action and is thus entitled to reasonable fees. As described above, one of the reasons Brawley brought this lawsuit was because she believed the County's initial response to her FOIA request was incomplete. Her lawsuit resulted in the County producing a substantial number of additional documents. While we agree with the County that many of the documents Brawley identified in its project file do not qualify as responsive to Brawley's request, that does not change the fact that some were plainly responsive.

Our supreme court previously deemed a plaintiff to have prevailed when a lawsuit "prompted [a public body] to do what a series of FOIA letter-requests could not accomplish—produce the requested documents." *Id.* at 158, 711 S.E.2d at 898; *see also id.* at 157, 711 S.E.2d at 897 ("When a public body frustrates a citizen's FOIA request to the extent that the citizen must seek relief in the courts and incur litigation costs, the public body should not be able to preclude prevailing party status to the citizen by producing the documents after litigation is filed."). The same is true here. Accordingly, we affirm Brawley's status as a prevailing party.

**AMOUNT OF FEES**

Once a party is deemed prevailing, the next step is to determine a "reasonable" award. *See Burton v. York Cnty. Sheriff's Dep't*, 358 S.C. 339, 357, 594 S.E.2d 888, 898 (Ct. App. 2004). That calculation generally rests within the circuit court's discretion, and we will not disturb an award absent an abuse of discretion. *Horton v. Jasper Cnty. Sch. Dist.*, 423 S.C. 325, 330, 815 S.E.2d 442, 444 (2018).

Two problems prevent us from affirming the fee award in this case. First, we cannot discern how the circuit court came to the amounts in the original or amended awards. Brawley requested $81,264.96 in fees and costs. The court's original order was a

brief three pages, did not explicitly review the time submitted by Brawley's attorneys, and then awarded the requested fees in full. The court's amended order modified the award by claiming to deduct the time devoted to Brawley's unsuccessful injunctive relief claim, the County's successful motions to dismiss, appellate matters, and a fifty-percent reduction for certain work to account for tasks Brawley's counsel performed on behalf of the co-plaintiff dismissed at the case's beginning. All of these claimed deductions somehow resulted in a new award of $80,845.71, which was only $419.25 less than the original award. We find it impossible to see how the above-described deductions totaled only $400.

Our second issue is that we strain to find justification for an award of roughly $80,000 in fees and costs for a FOIA case where there was minimal discovery and where the public body never argued that any of the materials Brawley requested were exempt from disclosure. *Cf. Horton*, 423 S.C. at 327–28, 331, 815 S.E.2d at 443–44, 445 (awarding roughly $35,000 in fees and $1,000 in costs in a case in which the public body refused to turn over the requested records, produced some records after the FOIA requester filed suit, and the circuit court ultimately had to order the public body to produce all necessary records). To this same point, the order awarding fees included a finding that Brawley secured responsive documents after several hearings, "extensive discovery," and a number of pre- and post-trial motions. This directly contradicts the record in a number of respects. The additional responsive documents were provided relatively early in the litigation without any significant adversarial proceedings.

For these reasons, we reverse the fee award. *See id.* at 331–32, 815 S.E.2d at 445 (explaining that the law requires a trial court to base fee awards "on a sound evidentiary basis" and to "adequately explain[ the award] with specific findings," or else the fee award will constitute an abuse of discretion warranting reversal).

Precedent explains the circuit court should consider six factors in setting an award of fees. Those factors are:

> (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services.

*Burton*, 358 S.C. at 358, 594 S.E.2d at 898. For each factor, the court "should make specific findings of fact on the record." *Id.*

We were not able to locate a binding precedent that establishes a more detailed framework for deciding a request for fees under FOIA. During oral argument in this court, the parties agreed that *Hensley v. Eckerhart*, 461 U.S. 424 (1983), a prominent federal case, provides useful guidance.

*Hensley* explains, "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* But hours "not 'reasonably expended'" should be "exclude[d] from this initial fee calculation." *Id.* at 434 (citation omitted). This includes "hours that are excessive, redundant, or otherwise unnecessary." *Id.*

A review of the results obtained is a particularly important consideration, especially "where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Id.*

> In this situation[,] two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

*Id.* "[T]he most critical factor is the degree of success obtained." *Id.* at 436.

The degree of Brawley's success is difficult to evaluate. This litigation resulted in Brawley securing responsive documents that she had not secured before, but her cause of action for injunctive relief was dismissed early in the litigation, and the circuit court granted partial summary judgment to the County because, at the time of the summary judgment hearing, there was no dispute that the County fully responded to three of her four FOIA requests. The record is not clear what issues remained in the case following this partial summary judgment order.

Brawley argues in her cross-appeal for the reinstatement of the circuit court's order compelling the County to reinvestigate the FOIA request and produce any further responsive documents. For reasons discussed later in this opinion, that argument is procedurally barred. Even so, we interpret the trial transcript as showing Brawley was focused on the County's actions at the time of her FOIA request, not any time

thereafter. Put differently, the trial proceeded as though the parties were litigating a past FOIA violation, not a continuing FOIA violation.

In one sense, it is difficult to understand the need for a trial on the County's diligence in its initial document search when it appears Brawley had been given access to all of the documents the County possessed three years before the trial occurred. This calls to mind past cases where our supreme court found there not to be a viable FOIA claim. In one such case, the court held that there was "no continuing violation" for the trial court to issue a declaratory judgment because the information the plaintiff sought had been disclosed. *Friends I*, 369 S.C. at 26, 630 S.E.2d at 478. In another, the court concluded that the FOIA violation claim was mooted when the information was produced. *Sloan v. S.C. Dep't of Revenue*, 409 S.C. 551, 555, 762 S.E.2d 687, 689 (2014) ("Indeed, Sloan acknowledges that his claim for injunctive relief was mooted when he received the documents. Sloan contends, however, that the claim for declaratory relief remained viable. We disagree, for 'the information Sloan sought has been disclosed, [and] there is no continuing violation of FOIA upon which the trial court could have issued a declaratory judgment.'" (alteration in original) (quoting *Friends I*, 369 S.C. at 26, 630 S.E.2d at 478)).

But in another sense, it seems obvious that unless the County was willing to stipulate that its initial search for responsive documents was not reasonable, Brawley was entitled to take her claim for a declaratory judgment on that issue to trial. On top of that, and even though she was granted access to the County's entire project file, Brawley has not conceded that she has received all responsive information. The lack of such a concession makes this case different from the cases discussed in the previous paragraph. *Cf. Friends I*, 369 S.C. at 26, 630 S.E.2d at 477–78 ("In the instant case, Sloan concedes that Friends has provided all documents requested pursuant to FOIA."); *Sloan*, 409 S.C. at 554, 762 S.E.2d at 688 ("Three weeks after Sloan filed suit, DOR provided Sloan with the documents he had requested. The trial court held a hearing at which Sloan conceded that his request for injunctive relief was mooted by DOR's production of documents."). Still, this case did not result in Brawley receiving any prospective relief.

A reasonable fee award must include only "reasonably expended" hours and must be proportional to the degree of success obtained. While Brawley is undoubtedly entitled to fees for securing additional documents responsive to her FOIA request, it is important to ensure her award is reasonable. Precedent explains, "Decisions as to the amount of attorneys' fees should ordinarily be made by trial courts[,]" and "[w]hen a trial court's decision is made on a sound evidentiary basis and is adequately explained with specific findings—*as the law requires*—we defer to the

trial court's discretion." *Horton*, 423 S.C. at 331, 815 S.E.2d at 445 (emphasis added). Here, there is no adequate explanation of the amount originally granted or the deductions made in the amended order, and the amount awarded is difficult to justify. Consequently, we reverse the award and remand for proper consideration.

## ADDITIONAL ARGUMENTS CONCERNING FEES

The parties raise a number of additional arguments related to attorney's fees. We address these in turn both for completeness and with the earnest hope that doing so will assist the proceedings on remand.

### Appellate Matters

We agree with the County that certain fees and costs related to appellate matters were not appropriate for the circuit court to award in this case. Rule 222(e), SCACR ("Costs on appeal shall be taxed only in the appellate court."); Rule 222(b), SCACR (specifying the appellate costs and fees recoverable under Rule 222, including filing fees for notices of appeal and costs for ordering transcripts and printing briefs and records); *Belton v. State*, 313 S.C. 549, 554–55, 443 S.E.2d 554, 557 (1994) (finding it error for the circuit court to assess fees and costs pursuant to Rule 222 because "costs on appeal may only be taxed in the [a]ppellate [c]ourt"); *but see Muller v. Myrtle Beach Golf & Yacht Club*, 313 S.C. 412, 416, 438 S.E.2d 248, 250 (1993) ("Rule 222 'does not preempt an award of attorney's fees to which one is otherwise entitled.'" (quoting *McDowell v. S.C. Dep't of Soc. Servs.*, 304 S.C. 539, 543, 405 S.E.2d 830, 833 (1991))).

We could not determine what appellate-related costs the circuit court actually deducted here, if any. Though the circuit court said it was deducting such costs, the court did not specify what amounts were deducted. On remand, the circuit court should make deductions consistent with this opinion and specify those deductions.

### Fees for Paralegal Work

The County argues that an award of fees and costs in a FOIA case may not include fees incurred by paralegals and support staff. It relies on our decision in *O'Shields v. Columbia Auto., LLC*, 435 S.C. 319, 867 S.E.2d 446 (Ct. App. 2021), *aff'd*, 443 S.C. 29, 902 S.E.2d 375 (2024).

*O'Shields* does not control on this issue because that case turned on North Carolina law. We have not found a South Carolina FOIA case that is binding on this point,

but there are several South Carolina cases upholding the inclusion of paralegal fees within reasonable fee awards. *See Layman v. State*, 376 S.C. 434, 459–62, 658 S.E.2d 320, 333–35 (2008) (modifying an award of fees pursuant to the state action statute but keeping the inclusion of paralegal and law clerk fees in the award); *Charleston Lumber Co. v. Miller Hous. Corp.*, 318 S.C. 471, 483–84, 458 S.E.2d 431, 438–39 (Ct. App. 1995) (including paralegal fees in an award pursuant to a contract, which "provide[d] for '*reasonable attorney's fees*' without specifying a rate or amount, [thereby leaving] the amount of the fees to be awarded to the discretion of the court" (emphasis added)); *Hayduk v. Hayduk*, 436 S.C. 411, 433–34, 872 S.E.2d 847, 858–59 (Ct. App. 2022) (upholding an award of fees in a family court matter that included paralegal tasks, when "Wife's attorney . . . attested she charged an hourly rate of $200 per hour for attorney tasks and $100 per hour for paralegal tasks [and] [t]he billing statement show[ed] Wife's attorney billed for 21.8 hours at the $200 rate and 25.4 hours at the $100 rate[; therefore t]he attorney's fee affidavit . . . established the time necessarily devoted to the case, the professional standing of counsel, and customary legal fees for similar services").

Skilled paralegals and support staff are an indispensable part of practicing law and allow attorneys to reduce the time (and thus the fees) devoted to a case. It would be counterproductive to discourage the reduction of fees and costs that occurs when a lawyer uses support staff for work that contributes to the litigation and is billed at less than the lawyer's standard rate. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("It has frequently been recognized in the lower courts that paralegals are capable of carrying out many tasks, under the supervision of an attorney, that might otherwise be performed by a lawyer and billed at a higher rate.").

"'[P]urely clerical or secretarial tasks[, however,] should not be billed' at the same rate as pure legal work." *Nat'l Lab. Rels. Bd. v. Bannum, Inc*, 102 F.4th 358, 366 (6th Cir. 2024) (first alteration in original) (quoting *Jenkins*, 491 U.S. at 288 n.10); *id.* ("Pure clerical work . . . does not require legal knowledge."); *id.* (listing examples of clerical and secretarial tasks as described by other federal circuit courts). This is true even if an attorney performs the clerical or secretarial acts himself. *See Jenkins*, 491 U.S. at 288 n.10 ("[N]on-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it." (citation omitted)).

We accordingly hold a circuit court may include paralegal and support-staff fees in a computation of reasonable fees and costs so long as they are billed at appropriate and reasonable rates and that the tasks involved contribute to the litigation.

**OTHER ISSUES**

There are two remaining issues we must resolve. First, Brawley argues that the circuit court erred in removing the injunction from its original order finding the County violated FOIA. The original order required the County to search for additional responsive documents and deliver them within fifteen days. Second, the County argues that the circuit court lost jurisdiction to award attorney's fees when Brawley's counsel did not file a formal motion requesting fees within ten days of the circuit court's original order.

We need not address Brawley's argument regarding the removal of injunctive relief. This argument is not preserved for our review. Brawley did not provide any counterargument when the County asked the circuit court to remove the injunction from its original order. Brawley did not file any motion or memorandum opposing the County's request, and there was no hearing on the matter. As a result, the arguments in Brawley's cross-appeal were never presented to the circuit court and are thus not preserved. *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

We reject the County's argument that the circuit court did not retain jurisdiction to award fees. The County is completely correct that post-trial motions must typically be filed within ten days of a final judgment. *See Overland, Inc. v. Nance*, 423 S.C. 253, 256, 815 S.E.2d 431, 433 (2018) (reiterating "the ten-day deadline in Rule 59(e)[, SCRCP,] is an absolute deadline"); *Rutland v. Holler, Dennis, Corbett, Ormond & Garner (L. Firm)*, 371 S.C. 91, 96, 637 S.E.2d 316, 318–19 (Ct. App. 2006) (applying the ten-day limitation on post-trial motions to a motion for attorney's fees and costs). But the circuit court's initial order and its amended order specifically invited future proceedings on the issue of fees. Thus, we conclude that the circuit court properly "reserved" jurisdiction over the issue. *See Leviner v. Sonoco Prod. Co.*, 339 S.C. 492, 494, 530 S.E.2d 127, 128 (2000) (explaining that, "absent a 'reservation' of jurisdiction[,]" a circuit court will lose jurisdiction once the post-trial motion deadline has passed); *see also, e.g., Coker v. Cummings*, 381 S.C. 45, 53, 671 S.E.2d 383, 387 (Ct. App. 2008) ("[A]lthough the form order did not mention the full order would follow, the master instructed one of the defendants' attorneys to draft the longer order. Therefore, the master reserved jurisdiction and could enter the full order."); *Glassmeyer v. City of Columbia*, 414 S.C. 213, 218, 225, 777 S.E.2d 835, 838, 841 (Ct. App. 2015) (noting, in affirming an award of fees, that the circuit court had "held the record open for [the FOIA requester] to submit an affidavit for attorney's fees").

We also reject the County's argument that Brawley's "affidavit as to attorney's fees and costs" did not qualify as a proper motion.  "The substance of the relief sought," not the form, is typically what matters.  *Standard Fed. Sav. & Loan Ass'n v. Mungo*, 306 S.C. 22, 26, 410 S.E.2d 18, 20 (Ct. App. 1991).  Brawley's affidavit clearly set forth the grounds for her request and the relief sought.  *See* Rule 7(b)(1), SCRCP (requiring a motion to, among other things, state its grounds and the relief sought).

As to any remaining arguments, we decline to address them given the controlling issues outlined throughout this opinion.  *See Futch*, 335 S.C. at 613, 518 S.E.2d at 598 (ruling it unnecessary for an appellate court to address remaining issues when its resolution of a prior issue is dispositive).

**CONCLUSION**

We affirm the circuit court's finding that the County violated FOIA.  As to the fee award, we affirm Brawley's status as a prevailing party but reverse and remand the award for proper consideration consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**GEATHERS and VINSON, JJ., concur.**