**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rita R. Greenawalt and James M. Greenawalt,
Appellants,

v.

Nissan North America, Inc., Respondent.

Appellate Case No. 2023-001124

———————

Appeal From Berkeley County
Roger M. Young, Sr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-173
Submitted March 3, 2025 – Filed May 28, 2025

———————

**AFFIRMED**

———————

C. Steven Moskos, of C. Steven Moskos, PA, of North Charleston, and Brooks Roberts Fudenberg, of Law Office of Brooks R. Fudenberg, LLC, of Charleston, both for Appellants.

Sarah Theresa Eibling, Blake Terence Williams, and Scott Douglas MacLatchie, Jr., all of Columbia; and Ashia Bre'ana Crooms-Carpenter, of Charlotte, NC, all of Nelson Mullins Riley & Scarborough, LLP, for Respondent.

———————

**PER CURIAM:** This appeal is about an award of attorney's fees. Appellants brought claims against Nissan North America, Inc., under several consumer protection statutes. The claims arose out of the purchase of an automobile.

The parties ultimately reached a settlement that required Nissan to repurchase the vehicle, stipulated Appellants were prevailing parties, and submitted the issue of attorney's fees to the circuit court. Appellants initially sought about $97,000 in fees based on the number of hours devoted to the case, but through the process of briefing and arguing the fee request in the circuit court, the requested hourly fees increased to $131,000. On top of that, Appellants proposed a 1.5 multiplier, bringing the total fee request to roughly $197,000.

The circuit court awarded $75,000 in fees. Appellants concede the court performed the appropriate legal analysis up until the portion of the order reducing the award. Appellants argue this was error because they are statutorily entitled to all hours "actually expended," or "full compensation." We respectfully disagree and affirm.

The determination of a reasonable fee award "generally rests within the circuit court's discretion, and we will not disturb an award absent an abuse of discretion." *Brawley v. Richland County*, 445 S.C. 80, 94, 911 S.E.2d 156, 163 (Ct. App. 2025); *see also Layman v. State*, 376 S.C. 434, 444, 658 S.E.2d 320, 325 (2008) ("[T]he specific amount of attorneys' fees awarded pursuant to a statute authorizing reasonable attorneys' fees is left to the discretion of the trial judge and will not be disturbed absent an abuse of discretion."). "An abuse of discretion occurs when the conclusions of the trial court are either controlled by an error of law or are based on unsupported factual conclusions." *Layman*, 376 S.C. at 444, 658 S.E.2d at 325.

Appellants argue, among other things, the federal Warranty Act and state Lemon Law each mandate a fee award be "based on actual time expended" and that they were therefore entitled to *all* hours submitted in this case unless Nissan demonstrated certain time included in the request was clearly unrelated. We disagree. First, all of the statutes involved, including the federal Warranty Act and state Lemon Law, require a fee award to be *reasonable*. *See* S.C. Code Ann. § 56-15-110(1) (2018) (providing for "reasonable attorney's fee[s]"); S.C. Code Ann. § 39-5-140(a) (2023) (providing for an award of "reasonable attorney's fees and costs"); S.C. Code Ann. § 56-28-50(D) (2018) (allowing, in the court's discretion, an award of attorney's fees "based on actual time expended" but "determined by the court to have been reasonably incurred"); 15 U.S.C.A. § 2310(d)(2) (West) (same as section 56-28-50(D)). Second, we have not located a mandate in any statute or precedent

requiring a circuit court to fully award the amount of attorney's fees requested via a submission of hours. Precedent explains, "The award of attorney's fees is made to the party, not his lawyer." *Jackson v. Speed*, 326 S.C. 289, 307, 486 S.E.2d 750, 759 (1997). And though looking at the hours expended multiplied by the attorney's rate may be a "useful starting point," *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), that number is only part of the analysis, not the end of the analysis.

As our supreme court has explained, "the overriding benchmark for awards of attorneys' fees . . . is that attorneys' fees must be 'reasonable.'" *Layman*, 376 S.C. at 455, 658 S.E.2d at 331. And so, as long as "a trial court's decision is made on a sound evidentiary basis and is adequately explained with specific findings—as the law requires—we [will] defer to the trial court's discretion." *Horton v. Jasper Cnty. Sch. Dist.*, 423 S.C. 325, 331, 815 S.E.2d 442, 445 (2018); *see also Fox v. Vice*, 563 U.S. 826, 838 (2011) (finding it proper for trial courts to "take into account their overall sense of a suit, and . . . use estimates in calculating and allocating an attorney's time"). Here, we read the circuit court's order as explaining the court found $75,000 to be a reasonable amount of fees based on the history of the case, the ultimate outcome, and the purpose of the statutes—to protect consumers and, in Appellants' own words, "reduce the problem of businesses not playing fair." It is evident the circuit court considered the hours expended, and we are not aware of any authority precluding the circuit court from determining that a lower fee is reasonable. Because we find the circuit court's analysis and decision more than sufficient to satisfy the discretionary standard described above, we affirm.

We believe this analysis controls all of Appellants' remaining arguments with the exception of the argument that the circuit court erred in citing federal caselaw when the court denied their motion to reconsider. We do not wish to minimize the error of applying an incorrect standard to a motion to reconsider, but the motion occurred after a hearing, extensive briefing, and was nothing more than a request that the court reconsider arguments the court had already evaluated in detail. The order denying reconsideration expressly noted that the court considered the issues in Appellants' motion. We have no doubt that the highly experienced and extremely capable circuit court judge felt free to modify the award if he believed a modification was warranted, and given the thorough analysis in the original order and our agreement with that analysis, we conclude the citation of federal cases does not warrant reversal. *See Judy v. Judy*, 384 S.C. 634, 646, 682 S.E.2d 836, 842 (Ct. App. 2009) ("Generally, appellate courts will not set aside judgments due to insubstantial errors not affecting the result.").

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.