**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sunset Lodge, LLC, Appellant,

v.

Town of Pawleys Island, Respondent.

and

Franklin D. Beattie, as trustee of The Franklin D. Beattie Preservation Trust, Appellant,

v.

Town of Pawleys Island, Respondent.

and

M. Baron Stanton, Appellant,

v.

Town of Pawleys Island, Respondent.

Appellate Case No. 2023-001272

———————

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-275
Heard March 4, 2025 – Filed June 3, 2026

---

**AFFIRMED AS MODIFIED**

---

> M. Baron Stanton, of Stanton Law Offices, P.A., of
> Columbia, for Appellants.
>
> Norwood David DuRant, Sr. and Norwood David
> Durant, Jr., of Law Offices of N. David DuRant & Assoc.
> of Surfside Beach, and William Clayton Dillard, Jr. of
> Belser Law Firm, PA, of Columbia, for Respondent.

---

**MCDONALD, J.:** This appeal arises from the Town of Pawleys Island's series of failed attempts to condemn easements over Appellants' properties in connection with a completed beach renournishment project. After the Town abandoned a second set of condemnation notices, the circuit court awarded attorney's fees to Sunset Lodge, LLC and Franklin D. Beattie and costs to landowner and attorney, M. Baron Stanton (collectively, Landowners). Landowners argue the circuit court erred in finding their requested attorney's fees were unreasonable and in calculating the award based upon an overly reduced number of hours. We affirm as modified.

**Factual and Procedural Background**

During the pendency of the action challenging the first set of condemnation notices, the Town served new condemnation notices upon Landowners; these "second notices" are the subject of this appeal.[1]

On January 13, 2021, the three Landowners filed actions against the Town seeking to quash the second set of condemnation notices. The Town timely answered but then notified Landowners that it was considering abandoning the notices. On February 10, the Town filed notices of abandonment.

On March 3, 2021, the Town answered Landowners' amended complaint, arguing the case was moot because the Town had abandoned the second effort to condemn

---

[1] The circuit court order considering Landowners' petition for fees and costs related to the Town's first set of condemnation notices is addressed in *Sunset Lodge v. Town of Pawleys Island*, Op. No. 2026-UP-274 (S.C. Ct. App. filed June 3, 2026).

the easements for these three properties. On March 5, the Town moved to dismiss the complaint as moot. Thereafter, the Town filed a motion to halt discovery—seeking to quash Landowners' deposition notice for the Town Administrator, Ryan Fabbri, and to relieve the Town of any obligation to respond to Landowners' initial interrogatories. Landowners opposed these motions.

On April 1, 2021, the circuit court held a hearing on the Town's motions to dismiss and for protection from discovery. By Form 4 order, the circuit court took the Town's motions under advisement and requested proposed orders. Landowners submitted two proposed orders, and the Town submitted a proposed order.

The circuit court granted the Town's motions to halt discovery and to dismiss Landowners' actions as moot, finding the Town had abandoned the subject condemnation notices. The circuit court opined several of Landowners' claims actually addressed the Town's prior condemnation notices, noting Landowners' actions addressing the initial condemnation attempts were still pending. The circuit court also denied Landowners' request for leave to conduct further discovery and to amend their pleadings to assert new claims.

Landowners timely filed Rule 59(e), SCRCP, motions. In a June 3, 2021 Form 4 order, the circuit court denied the motions to reconsider but granted Landowners' motions to consolidate their cases. Landowners timely appealed.[2]

On June 14, 2021, the Town filed a motion to reconsider the circuit court's Form 4 order to the extent it stated the Town had abandoned the first set of notices. The circuit court denied the Town's motion, finding it lacked jurisdiction because the order had already been appealed. Thereafter, Landowners filed a Rule 59(e) motion to alter or amend the court's Form 4 order to the extent it marked the case as "ended." The Town ultimately appealed the associated order, but this court dismissed the Town's appeal pursuant to the parties' stipulation.

On October 21, 2022, Landowners filed a motion for fees and costs along with Stanton's affidavit, several exhibits, and proposed orders. Stanton attested he had devoted 138 hours at an hourly rate of $190 to the consolidated case and estimated

---

[2] By unpublished opinion dated February 8, 2023, this court affirmed the circuit court's orders dismissing that appeal as moot. *See Stanton v. Town of Pawleys Island*, Op. No. 23-UP-055 (S.C. Ct. App. filed Feb. 8, 2023). Landowners filed a petition for a writ of certiorari, which the supreme court denied on May 1, 2024. This court later awarded $2,500 in costs to the Town.

he would spend another 42.4 hours to conclude it. Landowners requested that they each be awarded $8,990.57 in fees and costs, noting they had agreed to split their fees three ways.

In December 2022, the Town filed affidavits from attorneys William Dillard and David Durant opposing the fee petition. Several exhibits accompanied these affidavits; the Town's opposition memo further asserted the fee petition was untimely and the requested fees were unreasonable.

On March 8, 2023, Landowners amended the affidavit supporting their fee petition to update the hours expended and the estimated time needed to conclude the case; they also replied to the Town's opposition memo. Landowners requested $12,321.19 each in attorney's fees based upon 190.6 hours worked at an hourly rate of $190 and $751.71 in costs.

On March 9, the circuit court granted Landowners' Rule 59(e) motion to amend the July 2022 Form 4 order to state the order did not end the case.

On April 14, the circuit court heard the Landowners' motion for attorney's fees, and Landowners submitted proposed orders. The Town submitted its own proposed orders awarding fees based upon twenty hours of work. On April 28, Landowners emailed the circuit court to state their objections to the Town's proposed orders. And, on June 8, Landowners updated their petition to reflect a total of 282.6 hours worked—for a total of $18,148.57 in fees and costs requested for each Landowner.

On June 8, 2023, the circuit court issued its fee order. Although the court awarded attorney's fees, it found the fees and costs Landowners sought were excessive and unreasonable in relation to the nature, extent, duration, and difficulty of the litigation. The circuit court ruled Landowners were not entitled to recover fees associated with opposing the Town's motion to dismiss or other procedural motions arising from the Town's dismissal efforts. The circuit court further found the reasonable time necessary for work on this consolidated case was 65.5 hours and awarded Landowners attorney's fees and costs of $4,339.23 each. The circuit court denied Landowners' subsequent Rule 59(e) motion.

**Standard of Review**

"Decisions as to the amount of attorneys' fees should ordinarily be made by trial courts. When a trial court's decision is made on a sound evidentiary basis and is adequately explained with specific findings—as the law requires—we defer to the

trial court's discretion."  *Horton v. Jasper Cnty. Sch. Dist.*, 423 S.C. 325, 331, 815 S.E.2d 442, 445 (2018).  "The decision to award or deny attorneys' fees under a state statute will not be disturbed on appeal absent an abuse of discretion."  *S.C. Dep't of Transp. v. Revels*, 411 S.C. 1, 8, 766 S.E.2d 700, 703 (2014) (quoting *Kiriakides v. Sch. Dist. of Greenville Cnty.*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009)).  "Similarly, the specific amount of attorneys' fees awarded pursuant to a statute authorizing reasonable attorneys' fees is left to the discretion of the trial judge and will not be disturbed absent an abuse of discretion."  *Id.* at 8, 766 S.E.2d at 703–04 (quoting *Kiriakides*, 382 S.C. at 20, 675 S.E.2d at 445).  "An abuse of discretion occurs when the conclusions of the trial court are either controlled by an error of law or are based on unsupported factual conclusions."  *Id.* at 8, 766 S.E.2d at 703 (quoting *Kiriakides*, 382 S.C. at 20, 675 S.E.2d at 445).

"However, where the issue of the amount of attorneys' fees awarded depends on the Court's interpretation of 'reasonable' attorneys' fees as contained in the Act, the interpretation of the statute is a question of law that the Court reviews de novo."  *Id.* at 8, 766 S.E.2d at 704.  And, while the circuit court "has discretion in deciding the 'specific amount of . . . reasonable attorneys' fees,' its decision must not be 'based on unsupported factual conclusions.'"  *Horton*, 423 S.C. at 331, 815 S.E.2d at 445 (2018) (first quoting *Kiriakides*, 382 S.C. at 20, 675 S.E.2d at 445; and then quoting *Sloan v. Friends of the Hunley, Inc.*, 393 S.C. 152, 156, 711 S.E.2d 895, 897 (2011)).

**Calculation of Attorney's Fees**

Landowners argue the circuit court erred in calculating its award of attorney's fees by applying the wrong statute.  Landowners assert section 28-2-510(C) of the South Carolina Code—unlike section 28-2-510(B)—does not give the circuit court discretion to deny a fee award.  Landowners further contend the circuit court erred in addressing time spent on unsuccessful motions.  They claim none of the time spent in the first condemnation action was included in the fee petition for this second action.  We disagree with most of Landowners' arguments.

The Eminent Domain Procedure Act (the Act) contains a fee-shifting provision allowing landowners who successfully challenge a condemnation of their property to recover reasonable costs and litigation expenses:

> If the condemnor abandons or withdraws the
> condemnation action in the manner authorized by this
> chapter, the condemnee is entitled to reasonable attorney

fees, litigation expenses, and costs as determined by the court.

S.C. Code Ann. § 28-2-510(C) (2007).  Under the Act:

> "Litigation expenses" means the reasonable fees, charges, disbursements, and expenses necessarily incurred from and after service of the Condemnation Notice, including, but not limited to, reasonable attorney's fees, appraisal fees, engineering fees, deposition costs, and other expert witness fees necessary for preparation or participation in condemnation actions and the actual cost of transporting the court and jury to view the premises.

S.C. Code Ann. § 28-2-30(14) (2007).  In interpreting section 28-2-510, our supreme court has concluded that the General Assembly intended for attorneys' fees to be awarded based on a "constellation of factors."  *Revels*, 411 S.C. at 10–11, 766 S.E.2d at 705.  As to the reasonableness of fees generally:

> When determining the reasonableness of attorney's fees under a statute mandating the award of attorney fees, the contract between the client and his counsel does not control the determination of a reasonable hourly rate. Instead, the court should consider the following six factors when determining a reasonable attorney's fee: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services.

*Jackson v. Speed*, 326 S.C. 289, 308, 486 S.E.2d 750, 759–60 (1997) (citations omitted).[3]

In awarding these fees, the circuit court found the necessity and reasonableness of the claimed attorney time was not supported by the evidence.  The circuit court noted Landowners filed their initial complaint on November 12, 2020, requesting

---

[3] Our supreme court has emphasized that "a *Jackson* evaluation is neither required nor forbidden under section 28-2-510."  *Revels*, 411 S.C. at 13, 766 S.E.2d at 706.

that the condemnation notices be quashed; the Town subsequently abandoned the notices on February 10, 2021. The circuit court properly recognized Landowners' three cases were essentially identical and were pursued jointly. The court found a reasonable amount of time here included 57.5 hours devoted to the case prior to the Town's abandonment of this condemnation attempt, with an additional eight hours required to prepare and prosecute the fee petition, for a total of 65.5 hours. The circuit court further noted several of Landowners' requests for expenses were related to their unsuccessful opposition of the Town's motion to dismiss. Finding Landowners were entitled to recover their reasonable fees and consolidated fee petition filing fee, the circuit court awarded $13,017.70 to be divided equally among the Landowners.

The circuit court acted within its discretion in reducing the amount of attorney's fees awarded because section 28-2-510 specifically allows for an award of *reasonable* attorney's fees. However, in the context of this litigation, the circuit court too severely reduced the hours upon which the award is based. Stanton's timeline claims he worked 57.5 hours from November 12, 2020, to February 10, 2021, when the Town filed its notices of abandonment. The Town moved to dismiss the three cases as moot on March 5, 2021. Based on our review of the record, Landowners were entitled to fees for the 7.4 hours of Stanton's work between February 10, 2021 and March 12, 2021 (the time following the Town's filing of the notices of abandonment) in addition to the eight hours the circuit court deemed reasonable for the fee petition work. In the affidavit supporting his fee petitions, Stanton indicated this time was devoted to discovery matters, the Town's motion to dismiss, Landowners' opposition to dismissal on the ground of mootness, and communications regarding the erroneous Form 4 order.

Under the facts of this case, it was not unreasonable for Stanton to expend time challenging the Town's motions to dismiss these cases as moot because this situation is not only capable of repetition—it has already been repeated in the Town's problematic series of condemnation efforts against these very Landowners. Notably, the Town refused to rule out future condemnation efforts or the continued pursuit of the challenged—and extremely overbroad—easements. Accordingly, we find the circuit court misapprehended or overlooked evidence in the record in declining to award Landowners attorney's fees for the time worked on the cases following the Town's notices of abandonment. Due to the Town's ongoing behavior with respect to these properties, the hours Stanton claimed for work up until March 12, 2021—some 64.9 hours—was reasonable.

Stanton claims to have spent over 220 hours working on these cases and prosecuting the fee petitions. We find this excessive. The affidavit attached with Landowners' fee petition efforts provides no descriptions for these claimed hours, making it difficult to discern which hours were devoted to opposing the Town's motion to dismiss, which hours may have been devoted to Landowners' initial unsuccessful appeal (or opposing the Town's appeal), and which claimed hours were devoted to the various fee petitions. Still, the circuit court's award of only eight hours of attorney's fees for the claimed work is likewise unsupported by the evidence. Based on the facts surrounding these cases—and consideration of customary fee challenges—we find fifteen hours for the preparation and prosecution of the consolidated fee petition to be reasonable.

Moreover, the circumstances of this litigation do not prohibit Landowners from recovering costs associated with opposing the Town's motions to dismiss as moot the cases challenging the Town's second set of condemnation notices. Therefore, the circuit court erred in finding Landowners were not entitled to recover mileage for one-way travel to the hearing on the motion to dismiss, filing fees for the motion to reconsider, and the filing fees necessary to correct the court's erroneous Form 4 order. Landowners' request for $751.71 in costs is reasonable and recoverable under the statute.

In sum, a total award of attorney's fees of $15,181 (based upon 79.9 hours worked at an hourly rate of $190) and $751.71 in costs is reasonable for this portion of the litigation. As with the fee award related to the Town's initial failed condemnation attempts, the award is to be shared among Landowners pursuant to their fee sharing agreement.

**Conclusion**

Based on the foregoing, the circuit court's order awarding attorney's fees is

**AFFIRMED AS MODIFIED.**

**KONDUROS and VINSON, JJ., concur.**